Barbara Ann **DOTZLER**, Appellant,

v.

**COLDWELL BANKER ISLAND REALTORS**, Appellee.

No. 13–95–365–CV.

Court of Appeals of Texas, Corpus Christi.

Jan. 16, 1997.

William J. Kelly, Law Offices of William J. Kelly, Corpus Christi, for appellant.

Scott T. Cook, William A. Dudley, Cook, Dudley & Associates, Corpus Christi, for appellee.

Before SEERDEN, C.J., and DORSEY and FEDERICO G. HINOJOSA, Jr., JJ.

**OPINION**

DORSEY, Justice.

This is an appeal from an order which dismissed a wage-withholding order. A support order required Rickey Erwin to pay child support to his former wife, Barbara Ann Dotzler. The Nueces County District Clerk's Office issued a withholding order requiring Rickey's employer to withhold his wages to satisfy the support obligation. Coldwell Banker Island Realty received the order but refused to withhold his wages because it was not his employer. Dotzler filed a motion to enforce the order, and Coldwell Banker filed a motion to set aside the order. After a hearing, the trial court dismissed the order. By her sole point of error, Dotzler complains that the trial court had no jurisdiction to dismiss the withholding order because Coldwell Banker did not timely object to it nor seek a hearing. We disagree and affirm.

Rickey Glenn Erwin and Barbara Ann Erwin were husband and wife who divorced in 1989 in Nebraska, with Barbara receiving custody of their two children. With the divorce they entered into a property-settlement agreement that required Rickey to pay $800 per month in child support. On September 9, 1994, Barbara Ann Dotzler (formerly Erwin) filed a notice of registration of foreign support order [1] with the 94th District Court of Nueces County, Texas. On November 8, 1994, Dotzler made an *ex parte* request to the 94th District Court for it to sign an employer's order to withhold earnings for child support (Withholding Order) and a request for issuance of the order.

On November 9, 1994, the trial court signed the Withholding Order. The Withholding Order required Erwin's employer to withhold income from his disposable earnings. A copy of section 14.43, Texas Family Code, which sets forth the rights, duties, and potential liabilities of employers, was attached to the Withholding Order. The District Clerk sent the Withholding Order certified mail to Coldwell Banker's, Banker Island Realty. Gary Graham, a Coldwell Banker administrator, responded to the Withholding Order by a letter [2] dated November 18, 1994. He stated, in relevant part:

> I received the attached "Request for Issuance of Order" on Rick Erwin which prompted this letter. While Rick does work with us as a Coldwell Banker Sales Agent, he is an independent contractor and is not treated as an employee. His commissions are generated by each Title Company that closes any of his sales, and therefore we are not in the position to deduct from his earnings in the manner you have suggested.

This letter was filed on November 22, 1994. Coldwell Banker did not request a hearing on this matter.

On April 27, 1995, Dotzler filed a motion for enforcement and clarification of prior order (Motion For Enforcement) in which she alleged that Coldwell Banker did not withhold and forward any money for the payment of child support. As a result, Coldwell Banker was liable to her for the full amount of money it failed to withhold and forward pursuant to the Withholding Order.

On May 3, 1995, Coldwell Banker filed a motion to set aside employer's order to withhold earnings for child support (Motion To Set Aside). Coldwell Banker alleged that it never was the employer of Erwin in the meaning of section 14.43 of the Texas Family Code. Therefore, it had no obligation to withhold any money needed to satisfy Erwin's obligation to pay child support. The trial court heard the Motion To Set Aside and the Motion For Enforcement. On July 25, 1995, the trial court signed an order granting Coldwell Banker's Motion To Set Aside (July 25 Order). The trial court found that it had jurisdiction of the parties and subject matter of the action. It decreed that Coldwell Banker "is not now and has not been" an employer of Rickey Erwin within the meaning of section 14.43 or any other

---

**1.** This notice was filed pursuant to the provisions of the Uniform Interstate Family Support Act.

**2.** The letter was addressed to: Ms. Robin Caron, Office of Oscar Soliz, District Clerk, P.O. Box 2987, Corpus Christi, TX 78403.

provision of the Texas Family Code and that Coldwell Banker has no obligation to withhold any money needed to satisfy Rickey's obligation to pay child support to Dotzler. The trial court granted the Motion To Set Aside, and it dismissed and set aside the Withholding Order as it related to Coldwell Banker.

■ Dotzler appeals from the trial court's July 25 Order. The record does not include a request for findings of fact and conclusions of law, and the trial court did not file any findings and conclusions. When no findings of fact or conclusions of law are filed or requested, an appellate court implies that the trial court made all the necessary findings to support its judgment. *Holt Atherton Indus., Inc. v. Heine,* 835 S.W.2d 80, 83 (Tex.1992); *Burnett v. Motyka,* 610 S.W.2d 735, 736 (Tex. 1980). When findings of fact and conclusions of law are not properly requested and none are filed, we must affirm the trial court's judgment if we can uphold it on any legal theory that finds support in the evidence. *Lassiter v. Bliss,* 559 S.W.2d 353, 358 (Tex. 1977), *overruled on other grounds, Cherne Indus., Inc. v. Magallanes,* 763 S.W.2d 768, 770 (Tex.1989).

By her sole point of error, Dotzler asserts that the trial court erred in granting Coldwell Banker's Motion To Set Aside because the court had lost jurisdiction to consider that motion. The Act of Sept. 22, 1986, 69th Leg., 2d C.S., ch. 10, § 7, 1986 Tex.Gen. Laws 19, *amended by* Act of April 20, 1995, 74th Leg., R.S., ch. 20, § 1, 1995 Tex.Gen. Laws 191, provided that:

> Within 20 days after *delivery* of *an order or writ of income withholding,* the employer may make a motion for hearing on the applicability of the order *or writ* to the employer. The hearing shall be held within 15 days following the filing of the motion. *The* order *or writ* remains binding and payments shall continue to be made *pending further order of* the court.

This statute was codified at section 14.43(j) of the Texas Family Code.

In this case, the trial court signed the Withholding Order on November 9, 1994. After receiving the order, Coldwell Banker responded by letter dated November 18, 1994; it did not seek a hearing on this matter. Dotzler argues that pursuant to section 14.43(j), Coldwell Banker had until December 8, 1994 to file a motion in the trial court to determine whether the Withholding Order applied to it, and further that section 14.43(j) obligated it to obtain a hearing on the motion prior to December 23, 1994. Dotzler argues that the time limits set by the statute were jurisdictional, and the trial court lost jurisdiction to review this order on December 12, 1994.

### Analysis

■ Section 14.43(j) applied to those employers who paid wages to child-support obligors. The procedure was that after a judge signed a wage-withholding order, the district clerk issued the order to the employer so that the employer could begin withholding the obligor's wages. If an order previous to the withholding order prevented the employer from withholding the amount of wages stated in the withholding order, the employer needed to seek relief. However, in this case, after Coldwell Banker received the Withholding Order, it responded by a letter stating that it did not treat Rick Erwin as an employee. Coldwell Banker's failure to withhold Rickey's wages prompted Dotzler to file a Motion For Enforcement against Coldwell Banker. Coldwell Banker responded by filing its Motion To Set Aside, arguing that it was not Rickey's employer and that it had no obligation to withhold his wages. When Dotzler filed her Motion For Enforcement, this placed into contention the issue whether Coldwell Banker was Rickey's employer. Coldwell Banker had the obligation to file a responsive pleading in which it could argue that it was not Rickey's employer, and, therefore, had no obligation to withhold his wages.

We hold that the trial court had jurisdiction to hear and determine Coldwell Banker's Motion To Set Aside. That being the sole issue and point of error we are called on to decide, we AFFIRM the trial court's order of July 25, 1995.