**Dean Everett McMANN, Jr., Appellant,**

v.

**Mary Berman McMANN, Appellee.**

**No. 01–95–01216–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 27, 1997.

Rehearing Overruled March 27, 1997.

Shawn Casey, Dennis B. Kelly, Houston, for Appellant.

Warren Cole, Houston, for Appellee.

Before COHEN, ANDELL and NUCHIA, JJ.

## OPINION

COHEN, Justice.

Appellant, Dean Everett McMann (Dean), appeals the award of attorney's fees to appellee, Mary Berman McMann (Mary), in the order on the motion to modify the suit affecting parent-child relationship and suit for enforcement nunc pro tunc. We reverse and render in part and affirm in part.

## FACTS

On January 25, 1991, Dean and Mary executed an agreed final decree of divorce, which contained an agreement incident to divorce. On January 17, 1992, Dean filed a motion to modify the suit affecting the parent-child relationship (SAPCR). Mary counterclaimed in a suit for enforcement, alleging that Dean's failure to disclose certain property at the time of divorce breached their agreement, which stated:

5.08 *Division of Assets and Liabilities Not Provided for In Agreement.*

As part of the division of the estate of the parties, any community property or its value not otherwise awarded by this Agreement is awarded to the party not in possession or control of the property. The party in possession or control of such property is hereby designated a constructive

trustee of the property for the benefit of the other party.

As part of the division of the estate of the parties, any community liability not expressly assumed by a party under this Agreement will be paid by the party incurring the liability.

The Agreement also contained the following paragraph about attorney's fees:

8.17 *Attorney's Fees and Expenses for Enforcement.*

Reasonable attorney's fees and expenses of a party incurred in successfully prosecuting or defending the suit under this Agreement against the other party or the other party's estate will be recoverable by the successful party in such action.

At trial, each party offered evidence of attorney's fees, allocating their fees between the suit for enforcement and the SAPCR. Mary's fees totaled $18,143.25 and $16,483.36, respectively, while Dean's fees totaled $12,210 and $36,632, respectively. The parties stipulated to the necessity and reasonableness of each other's fees.

In the SAPCR, the judge granted Dean's motion for periods of access, and granted Mary's motion for increased and retroactive child support. Neither party was awarded attorney's fees for the SAPCR, perhaps because both parties prevailed in part.[1] In the suit for enforcement, the judge denied Mary relief, finding "no undisclosed property capable of division." Nevertheless, the judge awarded Mary $11,400 in attorney's fees, specifically for the suit for enforcement. Despite Dean's successful defense of the suit for enforcement, the judge denied Dean recovery for his attorney's fees.

### DISCUSSION

In his first point of error, Dean contends the trial judge abused his discretion in awarding Mary, the non-prevailing party, $11,400 as attorney's fees for her unsuccessful prosecution of the suit for enforcement.

■ TEX.FAM.CODE ANN. § 3.77 (Vernon 1975) authorizes the award of attorney's fees for enforcement of property cases:

In any proceeding to enforce a property division as provided by this subchapter, the court *may* award costs as in other civil cases. Reasonable attorney's fees may be taxed as costs in any proceeding under this subchapter, and may be ordered paid directly to the attorney, who may enforce the order for fees in his own name by any means available for the enforcement of a judgment or debt.

(emphasis added). A decision whether to award attorney's fees under this statute is reviewed under the abuse of discretion standard. *Kurtz v. Jackson,* 859 S.W.2d 609, 612 (Tex.App.—Houston [1st Dist.] 1993, no writ).

■ Regardless of this statute, the parties in this case executed an agreement, stating that attorney's fees "will be recoverable by the successful party." A marital property agreement, although incorporated into a final divorce decree, is treated as a contract. *Allen v. Allen,* 717 S.W.2d 311, 313 (Tex.1986). If a contract is unambiguous, the courts will give effect to the parties' intention as expressed in the agreement. *City of Pinehurst v. Spooner Addition Water Co.,* 432 S.W.2d 515, 518 (Tex.1968). If there is but one reasonable interpretation of the contract, it is not ambiguous. *Insurance Co. of North Am. v. Cypress Bank,* 663 S.W.2d 122, 124–25 (Tex.App.—Houston [1st Dist.] 1983, no writ). This contract is unambiguous. Thus, the issue before us is whether attorney's fees should have been awarded pursuant to the parties' contract, not whether fees should have been awarded pursuant to the statute.

Because the agreement is not ambiguous, it controls this case. As the losing party in the suit for enforcement, Mary was not entitled to attorney's fees under paragraph 8.17 of the agreement. Thus, the judge erred by awarding attorney's fees to Mary specifically for the suit for enforcement, a claim on which Dean prevailed.

---

**1.** Neither Dean nor Mary contends on appeal that the judge erred by not awarding attorney's fees for the SAPCR.

Mary contends the trial judge may adjudge costs otherwise than as provided by law upon a showing of good cause stated in the record. *See* TEX.R.CIV.P. 141. She alleges that Dean's failure to disclose property and his intentional misrepresentations are good cause for requiring Dean to pay her attorney's fees. She relies on the judgment, which states that "good cause existed for seeking the relief" and that Mary's suit for enforcement "was prosecuted in good faith." This case, however, is not about awarding "costs" other than as provided by "law." It is about awarding attorney's fees other than as provided by contract.

For an example of good cause, Mary cites *Rogers v. Walmart Stores, Inc.*, 686 S.W.2d 599, 600–01 (Tex.1985), where Walmart, the successful party, paid one-half of the guardian ad litem fees because it "prolonged the testimony and presentation of evidence." The *Rogers* case is distinguishable for two reasons, however. First, *Rogers* deals with guardian ad litem fees, not attorney's fees. Second, a contractual provision about attorney's fees was not in effect. In *Rogers*, fees were awarded pursuant to rule 141, not pursuant to any contract.

Similarly, none of the remaining cases cited by Mary included a contractual provision about attorney's fees. *See Killpack v. Killpack*, 616 S.W.2d 434 (Tex.Civ.App.—Fort Worth 1981, writ ref'd n.r.e.); *Warner v. Warner*, 615 S.W.2d 904 (Tex.Civ.App.—Fort Worth 1981, no writ). Moreover, neither of these cases dealt with awarding fees to the non-prevailing party. Finally, Mary cites no cases holding that either TEX.FAM.CODE ANN. § 3.77 or TEX.R.CIV.P. 141 overrides the unambiguous contract for attorney's fees.

We sustain the first point of error and set aside Mary's $11,400 award of attorney's fees.

In his second point of error, Dean contends the trial judge abused his discretion by not awarding Dean, the prevailing party, attorney's fees for his successful defense of the suit for enforcement.

■ Mary contends Dean may not recover because he did not plead for attorney's fees in the suit for enforcement. This argument is without merit. At trial, Dean introduced evidence of fees without objection by Mary. Moreover, Mary stipulated to the necessity and reasonableness of Dean's fees. Thus, although Dean did not originally plead for attorney's fees, the issue was tried by consent. TEX.R.CIV.P. 67. Moreover, Dean pleaded for attorney's fees post-trial in his motion to reconsider, while the trial court maintained jurisdiction.

Mary argues that Dean cannot win attorney's fees because he failed to prove presentment of his claim, which she contends is required by TEX.CIV.PRAC. & REM.CODE ANN. §§ 38.001–.002 (Vernon 1986). We disagree for several reasons.

A person may recover reasonable attorney's fees in addition to the amount of a "valid claim" if the claim is for an oral or written contract. *Id.* at § 38.001. The procedure for recovery of attorney's fees is as follows:

(1) the *claimant* must be represented by an attorney;

(2) the *claimant* must present *the claim* to the opposing party or to a duly authorized agent of the opposing party; and

(3) payment for *the just amount owed* must not have been tendered before the expiration of the 30th day after the claim is presented.

*Id.* at § 38.002 (emphasis added). The claimant must present the "*contract claim* to the opposing party." *Jim Howe Homes, Inc. v. Rogers*, 818 S.W.2d 901, 904 (Tex.App.—Austin 1991, no writ) (emphasis added); *see also Jones v. Kelley*, 614 S.W.2d 95, 100 (Tex. 1981). It is that underlying, preexisting claim for money—"the just amount owed"— that must be presented, not the claim for attorney's fees, which, as section 38.001 provides, is "in addition to the amount of a valid [contract] claim."

■ Dean had no such claim. He did not sue Mary for breach of contract; Mary sued him for breach of contract. Dean had no claim of any kind to present until after the judge ruled he owed nothing on Mary's breach of contract claim. Because Dean was not a "claimant" under section 38.001 on "a valid claim … for an oral or written con-

tract," the presentment requirement of section 38.002 does not apply to him. Section 38.002 applies only to claimants seeking attorney's fees "under [that] chapter." *See id.* at § 38.002. Dean did not do so.

The purpose of the presentment requirement is "to allow [debtors] an opportunity to pay a claim within 30 days after they have notice of the claim without incurring an obligation for attorney's fees." *Jones v. Kelley,* 614 S.W.2d 95, 100 (Tex.1981). Because Mary was not Dean's debtor, that purpose has no application to this case. *See Ellis v. Waldrop,* 656 S.W.2d 902, 905 (Tex.1983). Consequently, we hold that presentment was not required by section 38.002.

The unambiguous agreement mandates recovery of attorney's fees by the successful party. Because Dean successfully defended the suit for enforcement, he is entitled to recover attorney's fees. Dean proved that his attorney's fees for the enforcement suit totaled $12,210. Mary stipulated to the necessity and reasonableness of that amount. Thus, Dean was entitled to $12,210 in attorney's fees.

We sustain the second point of error.

We reverse the part of the judgment awarding Mary's attorney's fees, and we render judgment that Mary take nothing in attorney's fees. We further render judgment that Dean recover from Mary $12,210 in attorney's fees. Tex.R.App.P. 80(b). The remainder of the judgment is affirmed.