NUMBER 13-98-067-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


NYDIA L. LOCHHEAD , Appellant,



v.




KENNETH LOCHHEAD , Appellee.

___________________________________________________________________



On appeal from the 332nd District Court

of Hidalgo County, Texas.

____________________________________________________________________



O P I N I O N


Before Justices Dorsey, Chavez, and Rodriguez

Opinion by Justice Rodriguez


 This is an appeal from an order clarifying a poorly drafted divorce decree. We reform the judgment and affirm.

 On December 15, 1993, both parties and their attorneys appeared in court and asked it to approve their agreed divorce,
which the court did. On February 2, 1994, a signed decree was presented to court that provided Mr. Lochhead was to
receive $12,000 from Ms. Lochhead, secured by a note and deed of trust. Ms. Lochhead was to receive the family
residence. The decree did not specifically state that the deed of trust was to be secured by a lien on the residence. 
Therefore, Mr. Lochhead moved the court to clarify and enforce the final decree of divorce. After a hearing, the court
granted the motion and clarified the order to provide that Ms. Lochhead execute a "Vendor's Lien Note on or before
October 8, 1997 to the order of KENNETH D. LOCHHEAD in the principal sum of $12,000.00 . . . and shall execute a
Deed of Trust . . . conveying [the family residence] . . . ."

 In her first point of error, Ms. Lochhead complains the clarification order was improper because it required her to sign the
note and deed of trust "on or before October 8, 1997," but was not signed by the judge until October 14, 1997.

 In order to complain of an error in the trial court on appeal, a party must have raised it at the trial court "by a timely
request, objection, or motion." Tex. R. App. P. 33.1. Ms. Lochhead failed to complain of this discrepancy in her motion
for new trial. Therefore, we hold she has waived any error.

 Even if Ms. Lochhead had raised the issue at the trial court, we hold any error would have been harmless. It is apparent to
this Court that the discrepancy in dates was merely a clerical error, which could have been remedied by an order nunc pro
tunc. Bertotti v. C.E. Shepherd Co., Inc., 752 S.W.2d 648, 656 (Tex. App.--Houston [14th Dist.] 1988, no writ) (citing
Gray v. State, 628 S.W.2d 228, 233 (Tex. App.--Corpus Christi 1982, pet. ref'd)). Appellant's first point of error is
overruled.

 In point of error two, Ms. Lochhead argues the trial court committed reversible error by clarifying the divorce decree. 
Specifically, she suggests that because the original divorce decree did not contain express language regarding the execution
of a note and deed of trust, it was error for the court to specify such in its later order. We disagree.

 As noted above, the parties appeared and represented to the court that they had reached a divorce agreement and a decree
evidencing this agreement was signed by the parties and the court. Both parties later acknowledged the decree was
ambiguous and the trial court ordered that it be modified to reflect the parties' original intentions -- that Ms. Lochhead sign
a note and deed of trust for $12,000 on the family residence in favor of Mr. Lochhead.

 Because no findings of fact or conclusions of law were requested and none filed by the trial court, we will affirm if there is
any evidence to support the court's judgment. See Worford v. Stamper, 801 S.W.2d 108, 109 (Tex. 1990); Dotzler v.
Coldwell Banker Island Realtors, 941 S.W.2d 315, 317 (Tex. App.--Corpus Christi 1997, no writ).

 As explained above, Ms. Lochhead was to pay Mr. Lochhead $12,000 "to be secured by a note and deed of trust." The
record reflects that Ms. Lochhead was to execute a note and deed of trust to the family residence that would become due on
their son's eighteenth birthday. Thereafter, if Ms. Lochhead could not pay the $12,000, the family residence would be sold
and the proceeds used to pay Mr. Lochhead the amount owed under the decree. It is obvious to this Court that it was the
intent of the parties to award Ms. Lochhead the family residence and Mr. Lochhead $12,000 secured by a note and deed of
trust on the family residence. The original decree created an equitable lien upon the residence awarded to Ms. Lochhead to
secure the $12,000 payable to Mr. Lochhead. See Reiter v. Reiter, 788 S.W.2d 201, 204 (Tex. App.--Fort Worth 1990, writ
denied). We find the trial court's action did not substantially alter or change any rights of the parties. The court's order
requiring Ms. Lochhead to execute a note and deed of trust "simply required documentation of the equitable lien granted by
the court in the original decree." See id. (noting court may order the execution of deed of trust where equitable lien created
by original divorce decree). We hold the trial court acted within its authority in ordering Ms. Lochhead to execute a note
and deed of trust. Appellant's second point of error is overruled.

 In her final point of error, Ms. Lochhead asserts it was error for the trial court to award Mr. Lochhead his attorney's fees
because it was improper for the court to have clarified the judgment.

 In a proceeding to enforce a property division upon dissolution of a marriage, the trial court may award reasonable
attorney's fees as costs as in other civil proceedings. Tex. Family Code Ann. § 3.77 (Vernon 1993); see also McMann v.
McMann, 942 S.W.2d 94, 96 (Tex. App.--Houston [1st Dist.] 1997, no writ). We will only reverse a trial court's award of
attorney's fees upon a showing that the court abused its discretion. McMann, 942 S.W.2d at 96; Kurtz v. Jackson, 859
S.W.2d 609, 612 (Tex. App.--Houston [1st Dist.] 1993, no writ). A trial court abuses its discretion if it fails to follow
guiding rules and principles. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985); City of Port
Isabel v. Shiba, 976 S.W.2d 856, 861 (Tex. App.--Corpus Christi 1998, pet. filed).

 Because we have already held the trial court did not err in granting the clarification order and there was evidence to
support the trial court's award of attorney's fees, which are authorized by the family code, we find the trial court did not
abuse its discretion in its award of attorney's fees. Appellant's third point of error is overruled.

 Because a note and deed of trust were never signed by Ms. Lochhead, we reform that portion of the trial court's order
requiring Ms. Lochhead to execute a note and deed of trust "on or before October 8, 1997" to state that she must execute
the same "within thirty days of the issuance of this opinion or thirty days after all timely-filed motions are denied." 
Furthermore, we reform that portion of the order making the note payable "on or before ninety (90) days from September 8,
1997" to read payable "within 120 days of the issuance of this opinion or 120 days after all timely-filed motions are
denied."

 As REFORMED, the judgment of the trial court is AFFIRMED.

Nelda V. Rodriguez

Justice



Do not publish. Tex. R. App. P. 47.3.

Opinion delivered and filed this the 6th day of May, 1999.