In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-07-381 CV


 ______________________



BIG WHEEL DEVELOPMENT, INC., Appellant



V.



ORANGE COUNTY BUILDING MATERIALS, INC., Appellee






On Appeal from the 136th District Court


Jefferson County, Texas


Trial Cause No. D-175,819






MEMORANDUM OPINION


 Orange County Building Materials, Inc. (OCBM) sued Big Wheel Development, Inc.
for amounts owed for materials and services under a mechanic's and materialman's lien. In
a bench trial, the trial court rendered judgment against Big Wheel and awarded OCBM 
$16,000 in attorney's fees. Big Wheel presents two issues on appeal. 

 In issue one, Big Wheel argues the trial court erred in awarding OCBM its attorney's
fees because OCBM "offered no evidence of presentment of the claim" under section 38.002
of the Texas Civil Practice and Remedies Code. See Tex. Civ. Prac. & Rem. Code Ann.
§ 38.002(2) (Vernon 1997). OCBM argues it presented the attorney's fee claim to Big
Wheel. OCBM also asserts that the contract between the two companies contains a provision
for attorney's fees and argues that the contractual provision governs those fees. The contract
in question is the "Application for Credit" and "Extension of Credit," which requires Big
Wheel to pay attorney's fees and other expenses incurred by OCBM in collection of the
account.

 Parties to an oral or written contract may recover attorney's fees under Chapter 38 of
the Civil Practice and Remedies Code; the statute requires timely presentment of the fees to
the opposing party. Tex. Civ. Prac. & Rem. Code Ann. §§ 38.001, 38.002(2) (Vernon
1997). However, parties may also provide for attorney's fees by contract; they "have a right
to contract as they see fit as long as the contract does not contravene public policy and their
contracts are not illegal." Twelve Oaks Tower I, Ltd. v. Premier Allergy, Inc., 938 S.W.2d
102, 118 (Tex. App.--Houston [14th Dist.] 1996, no writ) (Lease agreement contained
provision for attorney's fees, and trial court reduced amount of attorney's fees to reflect the
amount agreed to in the lease.). The contracting parties may agree to terms for the recovery
of fees that are either more or less liberal than the terms presented in Chapter 38. Wayne v.
A.V.A. Vending, Inc., 52 S.W.3d 412, 417-18 (Tex. App.--Corpus Christi 2001, pet. denied);
see also Twelve Oaks, 938 S.W.2d at 118 (As long as the contract does not contravene public
policy and is not illegal, parties have a right to contract for fees.); see also Cysco Enters., Inc.
v. Hardeman Family Joint Venture, Ltd., No. 03-02-00230-CV, 2002 WL 31833724, at *5
(Tex. App.--Austin Dec. 19, 2002, no pet.) (not designated for publication) (Because the
contract's attorney's fee provisions control, "we need not consider the requirements of
chapter 38 of the civil practices and remedies code."); McMann v. McMann, 942 S.W.2d 94,
96 (Tex. App.-- Houston [1st Dist.] 1997, no writ) (Because the agreement providing for
attorney's fees is not ambiguous, it controls over the statutory attorney's fees under the
Family Code.); but see Bank of Am., N.A. v. Hubler, 211 S.W.3d 859, 865 (Tex. App.--Waco
2006, judgment vacated and remanded by agreement) ("Absent a contractual clause
specifically excluding a 'statutory claim to an award of attorney's fees under' Chapter 38, 'no
valid waiver can occur because the party giving up the right does not know what he or she
is relinquishing.'") (quoting Tex. Nat'l Bank v. Sandia Mortgage Corp., 872 F.2d 692, 701
(5th Cir. 1989)).

 Here, the parties' contract independently provides for attorney's fees to be awarded 
as follows: "Additionally, collection and/or attorney fees for collection of account will be the
responsibility of the purchaser." Big Wheel was the applicant for credit and the purchaser
of materials. The contract does not require presentment, and OCBM was not required to
prove presentment. Issue one is overruled.

 In issue two, Big Wheel argues the trial court erred in considering evidence of
OCBM's attorney's fees in excess of $9,000, because OCBM failed to timely supplement its
responses to Big Wheel's requests for disclosure. Big Wheel does not challenge the
reasonableness of the fees.

 OCBM initially disclosed attorney's fees of $9,000 on June 6, 2005. The judgment,
signed April 30, 2007, awarded $16,000 in attorney's fees. At the March 2, 2007, proceeding
on attorney's fees, OCBM offered proof of approximately $16,000 in attorney's fees. Big
Wheel objected on the grounds the amount was in excess of the $9,000 OCBM had
previously disclosed. In response, OCBM's counsel stated that at the December portion of
the trial OCBM had disclosed to Big Wheel's counsel the amount of $12,839 as OCBM's
attorney's fees. Counsel further stated she had faxed another supplemental report to Big
Wheel's counsel "yesterday," the day before the March 2, 2007, proceeding on attorney's
fees. The trial court overruled Big Wheel's objection. 

 We review a trial court's decision relating to discovery matters for an abuse of
discretion. VingCard A.S. v. Merrimac Hospitality Sys., Inc., 59 S.W.3d 847, 855 (Tex. App.
--Fort Worth 2001, pet. denied). We also review the admission or exclusion of evidence
under an abuse of discretion standard. See City of Brownsville v. Alvarado, 897 S.W.2d 750,
753 (Tex. 1995). An abuse of discretion occurs when a trial court acts without reference to
any guiding rules or principles such that its ruling is arbitrary or unreasonable. Low v. Henry,
221 S.W.3d 609, 614 (Tex. 2007) (citing Cire v. Cummings, 134 S.W.3d 835, 838-39 (Tex.
2004)). 

 Big Wheel relies on Rule 193.6 of the Texas Rules of Civil Procedure. If a party fails
to timely supplement a discovery response, the evidence may be excluded. Tex. R. Civ. P.
193.6(a). Unless the court finds that (1) there was good cause for the failure to amend or
supplement, or (2) that the failure to timely amend or supplement will not unfairly surprise
or unfairly prejudice the other party, the remedy of exclusion is mandatory. See id.; see also
Lopez v. La Madeleine of Tex., Inc., 200 S.W.3d 854, 860 (Tex. App.--Dallas 2006, no pet.). 
 The party seeking to introduce the evidence has the burden to establish good cause or lack
of unfair surprise or unfair prejudice. Tex. R. Civ. P. 193.6(b); see also Lopez, 200 S.W.3d
at 860. The determination of whether the offering party has met its burden is within the trial
court's discretion. Texas Mun. League Intergovernmental Risk Pool v. Burns, 209 S.W.3d
806, 817 (Tex. App.--Fort Worth 2006, no pet.).

 No one disputes that OCBM timely disclosed the expert who would testify to OC 
BM's attorney's fees. Big Wheel could not have been surprised by the designated attorney's 
testimony on that subject matter. The amount of attorneys' fees in the original disclosure was
$9,000. OCBM's attorney explained during the March 2007 proceeding on attorney's fees
that she had submitted additional sums for attorneys' fees to Big Wheel in December. The
remainder of the trial was a little over two months later, and the record does not reveal any
further supplementation until March 1, 2007.

 "Our rules do not prevent experts from refining calculations and perfecting reports
through the time of trial. The testimony of an expert should not be barred because a change
in some minor detail of the person's work has not been disclosed a month before trial." 
Exxon Corp. v. West Tex. Gathering Co., 868 S.W.2d 299, 304 (Tex. 1993). Here, Big
Wheel knew the designated attorney would testify as an expert on the subject of attorney's
fees, and fees of approximately $12,839 had been disclosed in December. At Big Wheel's
request, the trial court had continued the December 2006 hearing to allow Big Wheel the
opportunity to review the additional attorney's fees presented at the December hearing. The
fact that fees continued to be incurred after the June 2005 disclosure and the December 2006
supplementation -- leading up to and including trial -- is a detail that could not have been lost
on Big Wheel. The trial court reasonably could have concluded that Big Wheel was not
"ambushed" by the disclosure of additional attorney's fees on the eve of the March 2, 2007,
proceeding. There was sufficient information to enable Big Wheel to properly cross-examine
the expert regarding the reasonableness and necessity of the additional attorney fees. Under
the circumstances, the trial court did not abuse its discretion in considering the additional
attorney fee amounts. See, for example, Burns, 209 S.W.3d at 818; Udcoff v. Castille, No.
11-04-00274-CV, 2006 WL 2075244, at **11-12 (Tex. App.--Eastland July 27, 2006, no
pet.) (mem. op.) (The trial court could have concluded that the untimely supplemental
response did not unfairly surprise or unfairly prejudice the other party, given that the
disclosing party previously designated its counsel as an expert witness on attorney fees.). We 
overrule issue two and affirm the trial court's judgment. 

 JUDGMENT AFFIRMED.

 _________________________________

 DAVID GAULTNEY

 Justice 

 

Submitted on April 3, 2008

Opinion Delivered June 26, 2008 


Before McKeithen, C.J., Gaultney and Horton, JJ.