**Affirmed; Opinion Filed May 13, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-01449-CV

### JOAN L. GILLHAM, Appellant
### V.
### ANGELINA SANCHEZ, Appellee

**On Appeal from the 134th Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-17-00889**

## MEMORANDUM OPINION

Before Justices Myers, Molberg, and Carlyle
Opinion by Justice Myers

Joan L. Gillham appeals the judgment in favor of Angelina Sanchez. Gillham sued Sanchez for violations of section 92.052 of the Property Code and breach of contract. The trial court granted Sanchez's motion for summary judgment on Gillham's claims. Following a jury trial on Sanchez's claim for attorney's fees, the trial court awarded Sanchez $73,000 for attorney's fees through the trial of the case plus additional amounts for appeal. Gillham brings five issues on appeal contending the trial court erred by: (1) denying Gillham's first motion for continuance of the summary judgment hearing; (2) granting Sanchez's no-evidence motion for summary judgment; (3) denying Gillham's motion for continuance of the jury trial; (4) denying Gillham's motion for judgment notwithstanding the verdict; and (5) dismissing Gillham's claim for attorney's fees. We affirm the trial court's judgment.

## BACKGROUND

Gillham leased a house from Sanchez. Gillham alleged she gave notice to Sanchez of defects in the house needing repair or remedy and that Sanchez did not repair or remedy the conditions. *See* TEX. PROP. CODE ANN. §§ 92.052, .056, Gillham brought suit alleging a statutory claim for violations of the Property Code and a common-law breach-of-contract claim for breach of the lease. Gillham sought damages of $200,000 to $1 million and an injunction ordering Sanchez to repair the conditions, reimburse Gillham for her expenses, and reduce Gillham's rent. *See id.* §§ 92.0563.

Sanchez filed a motion for summary judgment asserting Gillham had no evidence to support her cause of action. Gillham filed motions for continuance of the summary judgment hearing, which the trial court denied. The trial court granted Sanchez's motion for summary judgment and ordered that Gillham take nothing on her claim. Gillham moved for a continuance of the jury trial on Sanchez's attorney's fees, and the trial court denied that motion to continue. After the jury trial, the trial court signed the final judgment awarding Sanchez the attorney's fees found by the jury. Gillham filed a motion for judgment notwithstanding the verdict asserting Sanchez was not entitled to attorney's fees because she did not comply with the claim-presentment requirement of section 38.002 of the Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 38.002. The trial court denied Gillham's motion.

## MOTION FOR CONTINUANCE OF SUMMARY JUDGMENT HEARING

In her first issue, Gillham contends "the trial court abuse[d] its discretion in denying Gillham's first motion for continuance of the summary judgment hearing."

### First Motion for Continuance

The trial court may order a continuance of a summary judgment hearing if it appears "from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit

facts essential to justify his opposition." TEX. R. CIV. P. 166a(g). When reviewing a trial court's order denying a motion for continuance, we consider whether the trial court committed a clear abuse of discretion. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004). A trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Id.* The court considers the following nonexclusive factors when deciding whether a trial court abused its discretion by denying a motion for continuance seeking additional time to conduct discovery: the length of time the case has been on file, the materiality and purpose of the discovery sought, and whether the party seeking the continuance has exercised due diligence to obtain the discovery sought. *Id.* Similarly, when a party seeks a continuance due to a "want of testimony," the party must show the materiality of the discovery sought as well as the due diligence used to procure the discovery. TEX. R. CIV. P. 252.

Gillham's first motion for continuance and her affidavit attached to the motion did not describe how the discovery she sought was material to her opposition to the motion for summary judgment. Gillham also stated she requested the continuance to take Sanchez's deposition. However, the motion and affidavit do not state what she expected to prove with Sanchez's testimony. *See id.* (if the continuance "be for the absence of a witness, he shall state . . . what he expects to prove by him"). Nor did she explain why Sanchez's deposition testimony was material.[1]

Gillham also argues she was entitled to a continuance because there had not been an adequate time for discovery. *See id.* 166a(i) ("After adequate time for discovery, a party . . . may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense . . . ."). Gillham argues there had not been an adequate time for discovery because the discovery period extended up to the trial setting, which was after the setting

---

[1] Gillham's motion for continuance did not identify the rule under which she sought the continuance. To the extent Gillham's motion was pursuant to Rule 252, that rule requires the party seeking the continuance to state ""that the continuance is not sought for delay only, but that justice may be done." TEX. R. CIV. P. 252. Gillham's first motion for continuance does not contain this required language.

for the hearing on the motion for summary judgment. Sanchez disputes that the discovery period extended for as long as Gillham asserts. However, regardless of the length of the discovery period, the determination of whether there has been an adequate time for discovery is not necessarily controlled by the discovery period. *Dishner v. Huitt-Zollars, Inc.*, 162 S.W.3d 370, 376 (Tex. App.—Dallas 2005, no pet.) ("This Court has refused to read into the rule a bright-line requirement that the discovery period be completed before a no-evidence motion can be filed."). Whether the nonmovant on a motion for summary judgment has had adequate time for discovery is case specific. *Id.* As we stated in *Dishner*, "When a party contends he has not had an adequate opportunity for discovery before a no-evidence summary judgment hearing, he must file either an affidavit explaining the need for further discovery or a verified motion for continuance." *Id.* at 376–77. Gillham's first motion for continuance and the attached affidavit did not explain "the need for further evidence," i.e., she did not explain the materiality of the discovery she sought.

Gillham asserts that she set forth the materiality of the discovery she sought in her second motion for continuance. However, she did not file the second motion for continuance until nine days after the trial court had denied her first motion for continuance. Therefore, this showing of materiality was not part of her first motion for continuance. Gillham does not bring an issue or argue that the trial court abused its discretion by denying her second motion for continuance.

Because Gillham's first motion for continuance did not explain how the discovery she sought was material or what she expected to prove from deposing Sanchez, the trial court did not abuse its discretion by denying her first motion for continuance.

### 21-Day Requirement

Also in the argument under her first issue, Gillham argues the trial court erred by not continuing the hearing because the hearing was less than twenty-one days after Sanchez filed her

–4–

motion for summary judgment. *See* TEX. R. CIV. P. 166a(c) (motion for summary judgment "shall be filed and served at least twenty-one days before the time specified for hearing.").

Sanchez filed her motion for summary judgment on September 1, 2017, and the trial court set the motion for hearing twenty-four days later on September 25. The motion for summary judgment was based on Gillham's third amended petition. On September 6, five days after Sanchez filed her motion for summary judgment, Gillham amended her petition. Gillham's fourth amended petition did not assert any new causes of action. Sanchez filed an amended motion for summary judgment on September 8, and a nearly identical document styled "Defendant's First Supplement to No-Evidence Motion for Summary Judgment" on September 12. Gillham asserts the twenty-one days should be counted from September 12, not September 1. We disagree.

The record does not show the trial court considered any motion for summary judgment other than Sanchez's original motion filed on September 1. In her response to the motion for summary judgment, Gillham objected "to all amendments and supplements to Defendant's No-Evidence Motion for Summary judgment as untimely filed. . . . All amendments and supplements to Defendant's No-Evidence Motion for Summary judgment were filed with less than 21 days notice before the hearing." The trial court's order granting the motion for summary judgment states the court granted "Defendant's Motion for Summary Judgment." The record does not show that the trial court denied Gillham's objection to the amended and supplemental motions, and nothing in the record shows the summary judgment was based on those motions.

Even if the trial court considered the amended and supplemental motions, the record does not show the trial court erred by doing so. Sanchez's original no-evidence motion for summary judgment filed September 1 alleged Gillham had no evidence to support four elements of the statutory claim and three elements of the breach-of-contract claim. The amended and supplemental motions for summary judgment filed September 8 and 12 contained two substantive

differences from the original motion for summary judgment. First, the amended and supplemental motions omitted one of the four no-evidence allegations concerning the statutory claim and instead asserted there were only three elements of that claim for which Gillham had no evidence. Second, the amended and supplemental motions contained an additional footnote, discussed below. The amended and supplemental motions also contained some non-substantive wording changes, such as referring to Gillham's fourth amended petition instead of the third amended petition and referring to "any of the property defects alleged in this case" instead of "any of the fourteen alleged property defects alleged in this case."

The additional footnote in the amended and supplemental motions stated, "Since the time of Defendants' [sic] original MSJ, Plaintiff has amended her Petition. As such, and in an abundance of caution, Defendant is filing this amended motion. By filing this Motion, Defendant does not intend to waive any and [sic] rights to file a traditional motion for summary judgment after the conclusion of Plaintiff's deposition, which is currently set to occur on September 15, 2017." In her appellant's brief, Gillham quotes this footnote and then states, "The motion on its face shows that it is was [sic] improper because Sanchez intended to depose Gillham." Gillham cites no authority in support of this statement, nor does she provide any explanation as to why Sanchez's intent to depose her makes the motion for summary judgment "improper." Gillham had the burden to present some evidence raising a fact question. The fact that Sanchez intended to depose Gillham[2] did not restrict Gillham's ability to respond to the motion for summary judgment. Gillham has not shown that Sanchez's intent to take Gillham's deposition made the motion for summary judgment improper.

---

[2] The record shows Gillham did not appear for her deposition. The trial court imposed a $250 sanction against Gillham for failing to appear at her deposition.

Because the amended and supplemental motions did not place any greater burden on Gillham than she faced in the original motion, and, in fact, those motions reduced her burden, we conclude the twenty-one days ran from the day of the original motion for summary judgment.

Even if the twenty-one days should run from the date of the amended or supplemental motions, Gillham is not entitled to reversal unless the error "probably caused the rendition of an improper judgment." TEX. R. APP. P. 44.1(a)(1). The amended and supplemental motions reduced Gillham's burden. Furthermore, Gillham's summary judgment response was due September 18, yet she filed it on September 14, four days before it was due. We conclude Gillham has not shown any error from holding the hearing on September 25 probably resulted in an improper judgment. Therefore, any error from holding the hearing on September 25 is not reversible.

### Changing the Date of Trial

Gillham also asserts in her first issue that the trial court erred by changing the trial date from February 19, 2018 to October 25, 2017.

On March 7, 2017, the trial court notified the parties that the case was set for trial on November 13, 2017. Three weeks later, the trial court sent a new trial date to the parties, February 19, 2018. The next day, the trial court sent notice to the parties that the trial would be October 25, 2017. Rule 245 states, "when a case previously has been set for trial, the Court may reset said contested case to a later date on any reasonable notice to the parties or by agreement of the parties." TEX. R. CIV. P. 245. On appeal, Gillham argues the trial court erred by changing the trial date to an earlier date, October 25, 2017.

Before a party may receive appellate review of a complaint, the party must have made its complaint known to the trial court by a timely request, objection, or motion. TEX. R. APP. P. 33.1(a)(1). Appellant does not cite to any place in the record where she presented the trial court with a request, objection, or motion complaining about the change of the trial date from February

–7–

2018 to October 2017. Gillham states in her appellant's brief that she "did not oppose the change." Because the record does not show Gillham objected to the trial court's changing the trial date from February 19, 2018 to October 25, 2017, no error is preserved for appellate review. *See id.*

We overrule Gillham's first issue.

## SUMMARY JUDGMENT

In her second issue, Gillham contends the trial court erred by granting Sanchez's no-evidence motion for summary judgment. Rule 166a(i) provides that a party "may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial." TEX. R. CIV. P. 166a(i). We review a no-evidence summary judgment under the same legal sufficiency standard used to review a directed verdict. *See* TEX. R. CIV. P. 166a(i); *Flood v. Katz*, 294 S.W.3d 756, 762 (Tex. App.—Dallas 2009, pet. denied). Thus, we must determine whether the nonmovant produced more than a scintilla of probative evidence to raise a fact issue on the material questions presented. *See Flood*, 294 S.W.3d at 762. When analyzing a no-evidence summary judgment, "we examine the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion." *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006) (per curiam) (quoting *City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex. 2005)). A no-evidence motion for summary judgment is improperly granted if the nonmovant presented more than a scintilla of probative evidence to raise a genuine issue of material fact. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). "More than a scintilla of evidence exists when the evidence rises to a level that would enable reasonable, fair-minded persons to differ in their conclusions." *Id.* (quoting *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)). "Less than a scintilla of evidence exists when the evidence is 'so weak as to do

no more than create a mere surmise or suspicion' of a fact." *Id.* (quoting *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)).

In reviewing a motion for summary judgment, evidence favorable to the nonmovant will be taken as true. *In re Estate of Berry*, 280 S.W.3d 478, 480 (Tex. App.—Dallas 2009, no pet.). The court indulges every reasonable inference in favor of the nonmovant and resolves all doubts in favor of the nonmovant. *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005). We review a summary judgment de novo to determine whether a party's right to prevail is established as a matter of law. *Tex. Workforce Comm'n v. Wichita Cty.*, 548 S.W.3d 489, 492 (Tex. 2018). When the trial court does not specify the grounds for its ruling, we affirm the summary judgment if any of the summary judgment grounds are meritorious. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013).

The nonmovant must present in its response the issues it contends defeat the movant's entitlement to summary judgment. *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993). The nonmovant's "mere reference  to summary judgment evidence" does not comply with this requirement. *Id.* "Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal." TEX. R. CIV. P. 166a(c). The nonmovant must identify in its response the specific summary judgment evidence it asserts raises a fact question and explain why that evidence raises a fact issue. *See* TEX. R. CIV. P. 166a(i) Comment—1997 (response to  no-evidence motion for summary judgment must "point out evidence that raises a fact issue on the challenged elements." ); *Skrastina v. Breckinridge-Taylor Design, LLC*, No. 05-17-00796-CV, 2018 WL 3078689, at *4 (Tex. App.—Dallas June 20, 2018, no pet.) (mem. op.) ("When the nonmovant presents summary judgment evidence in response to a no-evidence motion for summary judgment, it must specifically identify the supporting proof it seeks to have considered by the trial court and explain why it demonstrates

a fact issue exists." (Internal punctuation omitted)); *Burt v. Harwell*, 369 S.W.3d 623, 625 (Tex. App.—Dallas 2012, no pet.) (summary judgment response that did not point out evidence to support movant's liability "alone supports the trial court's granting of the no-evidence motion"); *Leija v. Laredo Cmty. Coll.*, No. 04–10–00410, 2011 WL 1499440, at \*5 (Tex. App.—San Antonio Apr. 20, 2011, no pet.) (mem. op.) ("When a summary judgment respondent fails to direct the reviewing court to specific summary judgment evidence, a fact issue cannot be raised sufficient to defeat summary judgment."). "Merely citing generally to voluminous summary judgment evidence in response to either a no-evidence or traditional motion for summary judgment is not sufficient to raise an issue of fact to defeat summary judgment." *Bich Ngoc Nguyen v. Allstate Ins. Co.*, 404 S.W.3d 770, 776 (Tex. App.—Dallas 2013, pet. denied).

> The substantive portion of Gillham's response to the motion for summary judgment stated:

> Attached to the Response is Plaintiff's Declaration (Affidavit) and attached true and correct copies of the evidence in support of Plaintiff's Affidavit for all of Defendant's No-Evidence Motions for Summary Judgment, Defendant's First Amended No-Evidence Motion for Summary Judgment, and Defendant's First Supplemental to No-Evidence Motion for Summary Judgment, including all amendments and supplements.

> Plaintiff has provided evidence for every element of her claims and causes of actions, and Plaintiff has also raised fact issues that Defendant's No-Evidence Motions for Summary Judgment, Defendant's First Amended No-Evidence Motion for Summary Judgment, and Defendant's First Supplemental to No-Evidence Motion for Summary Judgment, including all amendments and supplements should be denied.

Attached to the response was Gillham's eleven-page affidavit followed by over 500 pages of documents. Gillham's assertion in her response that she "provided evidence for every element of her claims" and that she "raised fact issues" is not sufficient to raise a material fact question. Gillham's response did not inform the trial court what evidence related to which elements challenged by Sanchez's motion for summary judgment. Her response did not even identify the fact issues allegedly raised by the evidence. The trial court was not required to sift through

Gillham's voluminous evidence to determine whether any of it raised a fact question on the elements challenged by Sanchez. We conclude Gillham's response to the motion for summary judgment was insufficient to raise a genuine issue of material fact. *See Burt*, 369 S.W.3d at 625.

Gillham also argues in this issue that the trial court abused its discretion by sustaining Sanchez's objections to Gillham's summary judgment evidence. However, we need not reach this argument because, regardless of the admissibility of the evidence attached to the response, the response itself was not sufficient to raise a genuine issue of material fact.

Gillham also argues the motions for summary judgment were improper because one of the three elements of the statutory cause of action challenged by Sanchez was one on which Sanchez had the burden of proof. A no-evidence motion for summary judgment is not proper on an element on which the movant has the burden of proof. *See* TEX. R. CIV. P. 166a(i). Even if Gillham is correct as to that no-evidence allegation, there remained two elements of the statutory cause action for which Gillham did not raise a genuine issue of material fact.

We conclude the trial court did not err by granting Sanchez's motion for summary judgment. We overrule Gillham's second issue.

## MOTION FOR CONTINUANCE OF TRIAL

In her third issue, Gillham contends the trial court abused its discretion by denying her motion to continue the October 25, 2017 jury trial. In this motion, Gillham stated "the following reasons" as the basis for the continuance: "Medical emergency of Plaintiff and health issues with Plaintiff."

In her appellant's brief, Gillham cites no authority in support of her motion for continuance other than referring to "the reasons stated in Issue 1." Gillham's first issue concerned a continuance to allow further discovery before a summary judgment hearing. This motion concerned a continuance of a jury trial due to Gillham's health problems. The arguments and

–11–

authorities in the first issue are not applicable to the determination of whether the trial court abused its discretion by denying the motion to continue the jury trial due to Gillham's health problems.

Moreover, the record does not show the trial court abused its discretion. Gillham attached medical records to a verified supplement to her motion to continue the jury trial. The verified supplement was filed October 24, the night before the jury trial. The medical records attached to the verified supplement do not identify what Gillham's medical problems were. A doctor's "Work/School Excuse" dated September 15 states Gillham "may return to work/school in 4 days with the following restrictions: Restrictions: None." Another document dated September 18 states "patient was hospitalized 3 day(s) ago." Another document dated September 18 states Gillham had chest pain and "[t]hese symptoms have been aggravated by stress related to recent legal case she is fighting. I advised that she avoid stressful work or confrontation. Testifying in a court case should be avoided if at all possible to avoid a recurrence of her symptoms." None of these medical records showed Gillham would be unable to attend the trial over a month later on October 25. In her verified supplement, Gillham stated she is unable to attend the trial "due to the Medical emergency of Plaintiff and health issues with Plaintiff." She also stated she "had a medical emergency on September 15, 2017, and is currently receiving medical care from several medical providers." She stated "[t]he medical emergency . . . will prohibit Plaintiff from attending the trial on October 25, 2017." However, none of the medical records she attached showed ongoing health problems or any medical restrictions after September 19. Gillham's motion did not state when she would be able to attend trial. On these facts, we conclude the trial court did not abuse its discretion by denying the motion for continuance based on Gillham's health problems.

Gillham also points out that the motion for continuance of the jury trial stated the trial court had reset the trial setting from February 19, 2018 to October 25, 2017. Although the motion listed that fact in the first section of the motion setting out the factual and procedural background, the

resetting of the trial date was not one of the "following reasons" that "[t]he Plaintiff respectfully moves the Court to reset the trial for the pending lawsuit." Accordingly, the resetting of the trial date was not before the trial court as a ground for the motion for continuance of the jury trial.

Gillham also points to her statement in the verified supplement that she had moved out of the property, "and thus there is no imminent need for a trial for Defendant. Defendant will not be prejudiced with a delay in the trial." Gillham points to an October 10 e-mail from Sanchez's attorney in which the attorney stated she would agree to a continuance of the jury trial if Gillham reimbursed her for the costs from Gillham's failure to attend her deposition and if Gillham would agree to dissolve the injunction against Sanchez as of October 25. Gillham does not state whether she agreed to these conditions. Regardless of whether Sanchez would be prejudiced by a delay in the jury trial, the trial court has wide discretion in managing its docket, and the court of appeals will not interfere with the trial court's exercise of its discretion absent a showing of clear abuse of that discretion. *See Clanton v. Clark*, 639 S.W.2d 929, 931 (Tex. 1982). Gillham's assertion that Sanchez would not be prejudiced by the continuance, even if true, does not show the trial court abused its discretion to control its docket by denying the motion for continuance.

We conclude Gillham has not shown the trial court abused its discretion by denying her motion for continuance of the jury trial.[3] We overrule Gillham's third issue.

## ATTORNEY'S FEES

In her fourth issue, Gillham contends the trial court erred by denying her motion for judgment notwithstanding the verdict on the award of Sanchez's attorney's fees. Sanchez sought attorney's fees pursuant to this provision in the lease:

> **ATTORNEY'S FEES:** Any person who is a prevailing party in any legal proceeding brought under or related to the transaction described in this lease is

---

[3] Gillham's verified supplement also stated her mother had suffered a stroke on October 20 and that Gillham would be traveling to California to care for her once Gillham "obtains clearance from her medical providers." Gillham does not assert this fact in her argument on appeal. Accordingly, we do not consider whether the trial court abused its discretion by denying the motion to continue the jury trial on this ground.

entitled to recover prejudgment interest, attorney's fees, costs of service, and all other costs of the legal proceeding from the non-prevailing party.

The trial court awarded Sanchez the attorney's fees found by the jury.

Gillham filed a motion for judgment notwithstanding the verdict asserting the trial court could not award Sanchez attorney's fees because Sanchez did not present her claim to Gillham as required by section 38.002(2) of the Civil Practice and Remedies Code. Section 38.002 provides,

> To recover attorney's fees under this chapter:
>
> (1) the claimant must be represented by an attorney;
>
> (2) the claimant must present the claim to the opposing party or to a duly authorized agent of the opposing party; and
>
> (3) payment for the just amount owed must not have been tendered before the expiration of the 30th day after the claim is presented.

CIV. PRAC. § 38.002.

In Texas, "litigants may recover attorney's fees only if specifically provided for by statute or contract." *Epps v. Fowler*, 351 S.W.3d 862, 865 (Tex. 2011). In this case, Sanchez sought recovery of her attorney's fees under the lease provision, not chapter 38 of the Civil Practice and Remedies Code. Gillham argues that chapter 38 applies to all claims for attorney's fees under a contract. We disagree.

Section 38.001 states, "A person may recover reasonable attorney's fees from an individual or corporation, *in addition to the amount of a valid claim and costs*," if the claim is for: . . . (8) an oral or written contract." CIV. PRAC. § 38.001 (emphasis added). Section 38.002 states that to recover attorney's fees under chapter 38, "the claimant must present the claim to the opposing party or to a duly authorized agent of the opposing party." The "claim" is the pre-existing claim for money, "the just amount owed." *See id.* § 38.002(3). The "claim" under chapter 38 is not the amount of attorney's fees incurred litigating the claim. *McMann v. McMann*, 942 S.W.2d 94, 97 (Tex. App.—Houston [1st Dist.] 1997, no writ). Sanchez had no claim against Gillham to present

–14–

to her, which means Sanchez was not a "claimant." Therefore, chapter 38, including the presentment requirement under section 38.002, does not apply to the award of Sanchez's attorney's fees.

Gillham argues the Texas Supreme Court indicated in *1/2 Price Checks Cashed v. United Automobile Insurance Co.*, 344 S.W.3d 378 (Tex. 2011), that chapter 38 applies to all claims for attorney's fees based on contracts:

> Importantly, section 38.001(8) does not distinguish between formal contracts and other types of contracts, nor between codified contract claims as compared to those that have not been codified. Section 38.001(8) does not narrow its scope to claims for breach of contract, nor differentiate between different types of contracts: it merely applies to claims on written or oral contracts.

*Id.* at 388. In *1/2 Price*, the party seeking attorney's fees was the plaintiff, the holder of a check, who was suing the drawer of the check for failing to pay the instrument. The issue before the court was whether the relationship between the holder and the drawer under section 3.414 of the Business and Commerce Code was a contractual one allowing a prevailing holder to recover attorney's fees under chapter 38. *Id.* at 381. *1/2 Price* had nothing to do with whether chapter 38 applied to a defendant seeking to recover attorney's fees under a contractual provision providing for attorney's fees to a prevailing party.

Gillham also cites *Escalante v. Luckie*, 77 S.W.3d 410 (Tex. App.—Eastland 2002, pet. denied). That case concerned whether a prevailing plaintiff suing defendants for breach of guaranties had to present the claim under section 38.002 when the guaranties waived presentment. *Id.* at 422–23. In that case, the plaintiff sought attorney's fees under both the attorney's-fees provision in the guaranties and chapter 38. That case is inapplicable because it concerns a plaintiff seeking attorney's fees under chapter 38, not a defendant seeking attorney's fees under a contractual provision.

–15–

We conclude Gillham has not shown the trial court erred by denying her motion for judgment notwithstanding the verdict. We overrule Gillham's fourth issue.

In her fifth issue, Gillham contends the trial court erred by dismissing her claim for attorney's fees. This issue is contingent on our sustaining Gillham's first, second, or third issues. Because we have overruled those issues, we do not reach this issue.

## CONCLUSION

We affirm the trial court's judgment.

/Lana Myers/
LANA MYERS
JUSTICE

171449F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOAN L. GILLHAM, Appellant

No. 05-17-01449-CV     V.

ANGELINA SANCHEZ, Appellee

On Appeal from the 134th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-17-00889.
Opinion delivered by Justice Myers.
Justices Molberg and Carlyle participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee ANGELINA SANCHEZ recover her costs of this appeal from appellant JOAN L. GILLHAM.

Judgment entered this 13th day of May, 2019.