Sherrie LOWE, Appellant,

v.

TOWNVIEW WATERSONG, L.L.C.,
Watersong Apartments, L.P., and
QS Watersong, L.L.C., Appellees.

No. 05–04–00099–CV.

Court of Appeals of Texas,
Dallas.

Oct. 29, 2004.

Sherrie R. Lowe, Dallas, pro se.

Robert D. Ramage, Dallas, for Appellee.

Before MORRIS, MOSELEY, and
FITZGERALD.

## OPINION

Opinion by Justice MORRIS.

In this lawsuit involving an apartment rental security deposit, Sherrie Lowe challenges the trial court's take-nothing summary judgment in her lawsuit against Townview Watersong, L.L.C., Watersong Apartments, L.P., and QS Watersong, L.L.C. Lowe sued appellees alleging they failed to return her security deposit after the apartment she desired to lease was not available on the date promised. In two issues, Lowe asserts the trial court erred in granting summary judgment because

her claims against appellees were not barred by limitations and appellees presented insufficient evidence to support summary judgment. In a third issue, Lowe challenges the denial of her motion for new trial. We conclude Lowe has failed to establish any reversible error. We therefore affirm the trial court's judgment.

According to the summary judgment evidence, Lowe visited an apartment complex intending to rent an apartment. During the visit, she tendered money orders for the application fee and security deposit. Three days later, ownership of the apartment complex was transferred to appellees. When Lowe returned the following week to move in, she was informed the apartment was not ready. According to Lowe, she requested the return of her security deposit, but the manager wanted to show her other available properties. Lowe claims the manager stated that if she did not like the other properties, her security deposit would be returned. Lowe alleges that, although she rejected the other properties, her security deposit was never returned. She thereafter filed a lawsuit against several entities that are not parties to this appeal.[1] On May 21, 2003, she amended her lawsuit to add appellees as defendants asserting causes of action against them for fraud, "bad faith," misrepresentation, and breach of contract. The trial court granted summary judgment in favor of appellees. Lowe timely filed this appeal.

Before we address the merits of Lowe's issues, we first note some procedural facts that are relevant to our analysis and disposition of this case. Appellees' motion for summary judgment rested on both traditional and no-evidence grounds. The traditional motion for summary judgment asserted the affirmative defense of limitations with respect to Lowe's claims for "bad faith" and misrepresentation. The no-evidence portion of appellees' summary judgment motion challenged each element of Lowe's four causes of action, including the "bad faith" and misrepresentation claims.

■ With respect to their traditional motion for summary judgment, appellees had the burden to demonstrate no genuine issues of material fact existed and that they were entitled to judgment as a matter of law. See Nixon v. Mr. Prop. Mgmt., Co., 690 S.W.2d 546, 548–49 (Tex.1985). The no-evidence summary judgment, however, required Lowe to present sufficient evidence to raise a genuine issue of fact on each challenged element of her four claims. See Gen. Mills Rest. v. Texas Wings, Inc., 12 S.W.3d 827, 832–33 (Tex.App.-Dallas 2000, no pet.). Because the trial court granted appellees' summary judgment without specifying the grounds on which it was based, Lowe must establish that each summary judgment ground alleged by appellees was insufficient to support the trial court's judgment. See Star–Telegram, Inc., v. Doe, 915 S.W.2d 471, 473 (Tex. 1995).

Notwithstanding the above requirements, Lowe's appellate brief does not appear to address the no-evidence portion of appellees' summary judgment motion. Her first issue is limited to challenging the limitations defense as a bar to her misrepresentation and "bad faith" claims. Likewise, Lowe's second issue focuses on

---

1. We affirmed the trial court's summary judgment with respect to two of these parties in *Sherrie Lowe v. Watersong Villas Apartments and BNC Real Estate*, No.05–03–00858–CV, 2004 WL 737757 (Tex.App.-Dallas April 7, 2004, no pet.). The trial court granted summary judgment to the remaining party, FSF Las Cortes Associates L.P., on August 15, 2003. Lowe has not challenged this ruling.

whether appellees presented sufficient evidence to support their summary judgment motion. Specifically, Lowe contends appellees failed to present evidence disproving the security deposit was transferred to them, the money order she tendered "created a contract between the two parties," and that "a transaction" occurred between Lowe and appellees. As noted above, however, it was Lowe and not appellees who had the burden to present evidence with respect to the no-evidence summary judgment motion. *See Gen. Mills Rest.*, 12 S.W.3d at 832. Because Lowe has set forth no issue, discussion, or argument challenging the no-evidence grounds for summary judgment, she has not met her appellate burden to establish the trial court's judgment was erroneous. Because summary judgment may have been granted on the unchallenged no-evidence grounds, we must affirm the trial court's summary judgment. *See Holloway v. Starnes*, 840 S.W.2d 14, 23 (Tex.App.-Dallas 1992, writ denied).

█ Nevertheless, to the extent that Lowe's argument under her second point of error may be construed as attacking the no-evidence summary judgment grounds, we have reviewed the summary judgment evidence Lowe presented in response to appellees' motion.[2] Lowe's evidence consisted of copies of the money orders she tendered, the deed transferring ownership of the apartment complex to appellees, an assignment and assumption of leases, an assignment and assumption of contracts, interrogatory responses from another party, and her affidavit. This evidence is insufficient to raise a genuine issue of material fact with respect to appellees' liability under the causes of action pleaded. There is nothing suggesting that Lowe had any contact with appellees or that her security deposit was in their possession. Importantly, there is no indication that the manager with whom she spoke was employed by appellees or that his or her actions were attributable to appellees. Accordingly, even if we assume Lowe properly challenged the no-evidence grounds, we would still conclude the summary judgment was correctly rendered. We resolve Lowe's second issue against her. Having concluded the summary judgment is sustainable on appellees' no-evidence grounds, we need not consider Lowe's first issue challenging the summary judgment based on limitations. *See* Tex.R.App. P. 47.1.

Lastly, in her third issue, Lowe complains about the trial court's denial of her motion for new trial. We review a trial court's denial of a motion for new trial under an abuse of discretion standard. *See Henry v. Halliburton Energy Servs., Inc.*, 100 S.W.3d 505, 510 (Tex.App.-Dallas 2003, pet. denied.). Under this standard, we may not overrule the trial court's decision unless the trial court acted unreasonably or in an arbitrary manner, without reference to guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985).

Lowe argues the trial court erred in denying her motion for new trial because the denial contradicts a previous order signed on July 7, 2003 in which the trial court granted a continuance until November 10, 2003.[3] We perceive no conflict

---

2. Liberally construing Lowe's brief, we conclude that Lowe may have intended her second issue to challenge the no-evidence portion of appellees' summary judgment motion but misunderstood and misstated the burden of proof applicable to this portion of appellees' summary judgment motion.

3. Lowe mistakenly construes this order as granting a motion for new trial. Although there is a clerical error in the order stating the court "hereby grants Defendants' Motion for New Trial," the balance of the order makes clear that it granted a continuance in response to Defendants' Motion for Continu-

between the two orders and conclude Lowe has failed to demonstrate the trial court abused its discretion in denying her motion for new trial. We resolve Lowe's third issue against her. We affirm the trial court's judgment.

ance and reset the case for November 10,     2003.