**Gary BURT, Appellant,**

v.

**Larry HARWELL, Appellee.**

**No. 05–11–00293–CV.**

Court of Appeals of Texas, Dallas.

May 8, 2012.

---

Bruce K. Thomas, Law Office of Bruce K. Thomas, Stephen W. Shoultz, Law Office of Stephen W. Shoultz, Dallas, TX, for Appellant.

Bryan Rutherford, MacDonald Devin, PC, Dallas, TX, Joe McKay, Lancaster, TX, for Appellee.

Before Justices BRIDGES, O'NEILL, and FILLMORE.

## OPINION

Opinion By Justice O'NEILL.

Appellant Gary Burt appeals a no-evidence summary judgment granted in favor of appellee Larry Harwell. In a single issue, Burt contends the trial court erred in granting Harwell's motion for summary judgment. For the following reasons, we affirm the trial court's judgment.

Burt sued Rusty Reek, Richard Reek and Harwell individually and d/b/a Asphalt Cowboys in connection with a driveway that Burt had hired Asphalt Cowboys to do. Burt alleged Harwell was individually liable as a partner or joint venturer with the other two defendants who were all doing business as Asphalt Cowboys. He alleged claims for breach of contract, deceptive trade practices, and failure to perform services in a good and workmanlike manner. Harwell filed an answer and verified denial swearing he did not contract with Burt, he has never done business as Asphalt Cowboys, and he is not in any partnership with any of the other defendants. Harwell filed a no-evidence motion for summary judgment asserting, among other things, there was no evidence of

partnership. Burt filed a response to Harwell's motion. The trial court granted the no-evidence motion. The trial court later severed Burt's claims against Harwell from the remaining claims rendering the summary judgment final.

On appeal, Burt asserts the trial court erred in granting the summary judgment because he raised a fact issue on the existence of a partnership. A trial court must grant a no-evidence motion for summary judgment "unless the respondent produces summary judgment evidence raising a genuine issue of material fact." Tex.R. Civ. P. 166a(i). The nonmovant need not marshal its proof, but its response must point out evidence that raises a fact issue on the challenged element. *Hamilton v. Wilson,* 249 S.W.3d 425, 426 (Tex.2008). The entirety of Burt's response to this ground for summary judgment states "[a]ttached hereto and incorporated by reference, is an appendix containing affidavits and discovery, setting forth summary judgment proof of the existence of a material fact concerning the existence of a partnership between the defendants." The response to the motion for summary judgment did not direct the trial court to any specific summary judgment evidence to establish partnership. The failure to point out any evidence to support liability under a partnership theory alone supports the trial court's granting of the no-evidence motion. *Bruce v. Elliott,* 2012 WL 260025, * 1 (Tex.App.-Dallas 2012, no pet.); *Lundstrom v. United Servs. Auto Ass'n–CIC,* 192 S.W.3d 78, 98 (Tex.App.-Houston [14th Dist.] 2006, pet. denied). Moreover, all of the evidence that appellant cites us to on appeal to show reversible error are exhibits attached to a response to Richard Reek's motion for summary judgment. According to Burt, we should consider evidence attached to a different response because he stated in the first paragraph of the response it was also intended to act as an "additional response" to Harwell's motion. However, the body of the motion is, as its caption states, directed to Richard Reek's motion for summary judgment. The response does not reference and does not purport to reference any evidence showing Harwell was a partner. Thus, we will not consider evidence attached to that response. We conclude Burt has failed to show he raised a fact issue on partnership.

Burt also asserts the motion for summary judgment was improper on his breach of contract claim because the motion for summary judgment did not address that claim. After Harwell filed the motion for summary judgment, Burt amended his petition to add a claim for breach of contract. Although summary judgment generally may not be granted on a claim not addressed in the summary judgment proceeding, it may be granted on later pleaded causes of action if the grounds asserted in the motion show that the plaintiff could not recover from the defendant on the later pleaded causes of action. *McIntyre v. Wilson,* 50 S.W.3d 674, 684–85 (Tex.App.-Dallas 2001, pet. denied); *Cissne v. Robertson,* 782 S.W.2d 912, 918 (Tex.App.-Dallas 1989, writ denied) (affirming summary judgment on three causes of actions not addressed in motion). Here, Burt's breach of contract claim, like all his other claims, is premised on his showing Harwell was liable as a partner. Therefore, the motion for summary judgment was broad enough to encompass the newly asserted claim. We resolve the sole issue against Burt.

We affirm the trial court's judgment.