

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-14-00326-CV

LIEN KIM LUU                                                          APPELLANT

V.

SAVANNAH RICE                                                        APPELLEE

----------

## FROM THE 431ST DISTRICT COURT OF DENTON COUNTY
## TRIAL COURT NO. 2013-70557-431

----------

## MEMORANDUM OPINION[1]

----------

In two issues, appellant Lien Kim Luu appeals the trial court's final judgment in favor of appellee Savannah Rice. Appellant particularly asserts only that the trial court erred by granting appellee's traditional motion for summary judgment on appellee's statute of limitations affirmative defense. Because

---

[1]*See* Tex. R. App. P. 47.4.

appellant does not adequately challenge the trial court's decision to grant appellee's no-evidence motion for summary judgment, we affirm.[2]

## Background Facts

Appellant sued appellee for negligence based on an automobile accident. In separate documents, appellee filed a traditional motion for summary judgment, which asserted that a statute of limitations barred appellant's suit, and a no-evidence motion for summary judgment,[3] which challenged each of the elements of appellant's negligence claim. In the no-evidence motion, appellee argued,

---

[2]Nothing in appellant's opening brief may be construed as challenging the trial court's decision to grant appellee's no-evidence motion. In appellant's reply brief, she argues, without legal citations or further analysis,

> The certified copy of the crash records from the Texas Department of Transportation that was submitted by Appellee in support of her tradition[al] summary judgment motion . . . , which was admitted without objection, corroborates every element of Appellant's negligence claim. The record sets forth the cause of the accident, Appellee's negligence, and the resulting injuries that both parties were treated for at the scene.

Assuming that this paragraph represents an attempt to challenge the granting of appellee's no-evidence motion, we decline to address it because it was raised for the first time in the reply brief. *See Flores v. Deutsche Bank Nat'l Trust Co.*, No. 02-12-00033-CV, 2014 WL 4109645, at *17 & n.47 (Tex. App.—Fort Worth Aug. 21, 2014, no pet.) (mem. op.); *City of The Colony v. N. Tex. Mun. Water Dist.*, 272 S.W.3d 699, 754 n.16 (Tex. App.—Fort Worth 2008, pet. dism'd).

[3]A defendant may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support essential elements of a plaintiff's claim. *See* Tex. R. Civ. P. 166a(i). The trial court must grant the motion unless the plaintiff produces summary judgment evidence that raises a genuine issue of material fact. *See id.*; *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008).

Plaintiff has failed, after an adequate time for discovery has passed, to produce any evidence sufficient to raise a genuine issue of material fact that Defendant owed Plaintiff a duty, that Defendant breached any duty owed to the Plaintiff, and further, that any alleged injuries were in any way foreseeable to Defendants or that the accident was the cause of Plaintiff's alleged damages. Because Plaintiff has failed to show more than a scintilla of evidence as to each of the elements of her cause of action against Defendant, summary judgment is proper.

Appellant responded to the traditional motion but did not respond to the no-evidence motion by presenting evidence or arguments concerning the negligence claim. The trial court granted summary judgment in favor of appellee on both motions. Appellant appealed.

**Failure to Adequately Challenge No-Evidence Motion**

Appellant specifically argues only that the trial court erred by granting appellee's traditional motion for summary judgment; appellant does not present any adequate argument concerning the no-evidence motion. Thus, we must affirm the trial court's decision to grant the no-evidence motion, which is dispositive, and we overrule appellant's two issues that concern the traditional motion as moot. *See Kritzer v. Kasden*, No. 02-13-00414-CV, 2014 WL 5492219, at *2 (Tex. App.—Fort Worth Oct. 30, 2014, no pet.) (mem. op.) ("Because Kritzer did not address the no-evidence grounds on appeal, we must affirm the summary judgment on these unchallenged grounds."); *see also Leffler v. JP Morgan Chase Bank, N.A.*, 290 S.W.3d 384, 387 (Tex. App.—El Paso 2009, no pet.) ("On appeal the Appellant . . . does not challenge the granting of the no-evidence summary judgment. Because the Appellant has failed to raise a

3

challenge to the granting of the summary judgment on no-evidence grounds, this issue is waived on appeal, and we must affirm the summary judgment on those grounds."); *Krueger v. Atascosa Cnty.*, 155 S.W.3d 614, 621 (Tex. App.—San Antonio 2004, no pet.) ("Unless an appellant has specifically challenged every possible ground for summary judgment, the appellate court need not review the merits of the challenged ground and may affirm on an unchallenged ground."); *Lowe v. Townview Watersong, L.L.C.*, 155 S.W.3d 445, 447 (Tex. App.—Dallas 2004, no pet.) ("Because summary judgment may have been granted on the unchallenged no-evidence grounds, we must affirm the trial court's summary judgment.").

## Conclusion

Having overruled appellant's two issues, we affirm the trial court's take-nothing judgment against appellant.

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; MEIER and GABRIEL, JJ.

DELIVERED:  July 30, 2015

4