**AFFIRM; and Opinion Filed August 27, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01221-CV

### TCI LUNA VENTURES, LLC AND TRANSCONTINENTAL REALTY INVESTORS, INC., Appellants
### V.
### BRANCH BANKING AND TRUST COMPANY, Appellee

**On Appeal from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-12-03653**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Brown, and Schenck[1]
Opinion by Justice Brown

Appellants TCI Luna Ventures, LLC and Transcontinental Realty Investors, Inc. appeal

a take-nothing summary judgment granted in favor of Branch Banking and Trust Company

(BB&T). In two issues, appellants contend (1) the trial court erred in granting BB&T's motions

for summary judgment, and (2) the trial court abused its discretion in striking their Fifth

Amended Petition. For the following reasons, we affirm the trial court's judgment.

In 2005, Transcontinental Realty Investors executed a $10 million promissory note

payable to Colonial Bank and secured by deeds of trust on twelve properties. Colonial Bank

assigned the note and deeds of trust to BB&T. Transcontinental Realty assigned its interest in

---

[1] The Honorable Justice David Schenck succeeded Justice Michael J. O'Neill, a member of the original panel, following Justice O'Neill's retirement. Justice Schenck has reviewed the briefs and record before the Court.

the secured properties to TCI Luna.[2]  When the note fully matured in September 2010, $8 million remained due.  TCI Luna failed to pay off the note, resulting in an event of default.  BB&T then foreclosed on some of the properties securing the note, which reduced, but did not eliminate, TCI Luna's indebtedness.  TCI Luna then filed for bankruptcy to prevent further foreclosures.  BB&T filed a motion to dismiss in the bankruptcy court asserting TCI Luna filed for bankruptcy in bad faith.

While that motion was pending, TCI Luna agreed to voluntarily dismiss its bankruptcy in exchange for BB&T agreeing to "sit down and discuss in good faith" a deal in which BB&T would take some of the remaining properties securing the note in full satisfaction of the debt.  BB&T also agreed to obtain appraisals on the properties and provide them to TCI Luna.  The bankruptcy court subsequently granted the parties' agreed motion to dismiss TCI Luna's bankruptcy.

After the bankruptcy was dismissed, TCI Luna and BB&T did not finalize any agreement in which BB&T would accept properties in exchange for the debt.   When BB&T gave notice of foreclosure as to two more properties securing the note, TCI Luna filed this suit asserting various claims, including breach of contract, fraud, fraudulent inducement, and declaratory relief.  TCI Luna also sought a temporary injunction to prevent BB&T from foreclosing on the properties pending a resolution on the merits.  TCI Luna's claims were based on its contention that BB&T had agreed to accept deeds to (unspecified) properties securing the note, at a value agreed upon in good faith.  It asserts it relied on that agreement in dismissing its bankruptcy petition.

The trial court granted a temporary injunction preventing BB&T from foreclosing on any of the remaining properties securing the note.  BB&T brought an interlocutory appeal to this

---

[2] Other than in the factual recitations in their briefs, the parties do not distinguish between Transcontinental Realty and TCI Luna, which are related entities. We will refer to both as TCI Luna.

Court.  *See Branch Banking & Trust Co. v. TCI Luna Ventures*, No. 05-12-00653-CV, 2013 WL 1456651, at *1 (Tex. App.—Dallas Apr. 9, 2013, no pet).  In that appeal, BB&T asserted the injunction was improper because TCI Luna had failed to show a probable right to recover on any of the claims alleged.  We agreed.  In doing so, we concluded TCI Luna's evidence at the hearing on the temporary injunction showed nothing more than an "agreement to agree," not an enforceable contract.  *Id.*  We also held the evidence presented at that hearing failed to show BB&T made any actionable misrepresentations.  *Id.* at 4.

After we issued our opinion, the trial court granted BB&T's motions for summary judgment on TCI Luna's claims for breach of contract, fraud, declaratory relief, and "money had and received."  The trial court also granted BB&T's motion to strike TCI Luna's Fifth Amended Petition, which added new claims, but was untimely filed pursuant to the trial court's scheduling order.  TCI Luna appeals.

In its first issue, TCI Luna complains the trial court erred in granting summary judgment in favor of BB&T on various claims.  We review the trial court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Killingsworth v. Hous. Auth. of City of Dallas*, 447 S.W.3d 480, 486 (Tex. App.—Dallas 2014, pet. denied).  In a no-evidence motion for summary judgment, the moving party must assert that no evidence exists as to one or more of the essential elements of the nonmovant's claim on which the nonmovant would have the burden of proof.  *See* TEX. R. CIV. P. 166a(i).  When we review a no-evidence summary-judgment motion, we ask whether the nonmovant produced more than a scintilla of probative evidence to raise a fact issue on the challenged elements.  *Killingsworth,* 447 S.W.3d at 486.  More than a scintilla of evidence exists if the evidence rises to a level that would enable reasonable and fair-minded jurors to differ in their conclusions.  *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008) (per curiam).

In reviewing a summary judgment, we examine the evidence in the light most favorable to the nonmovant and indulge every reasonable inference and resolve any doubts against the movant. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006); *Killingsworth,* 447 S.W.3d at 486−87. When, as here, the trial court's order granting summary judgment does not specify the basis for the ruling, we will affirm the summary judgment if any of the theories presented to the trial court are meritorious. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003); *Killingsworth,* 447 S.W.3d at 486−87. If the nonmovant fails to challenge each ground upon which the summary judgment may have been based, we will affirm on the unchallenged ground. *See Star–Telegram, Inc., v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995); *Lowe v. Townview Watersong, L.L.C.*, 155 S.W.3d 445, 446 (Tex. App.—Dallas 2004, no pet.).

TCI Luna first asserts summary judgment was improper on its breach of contract claim. In its motion for summary judgment, BB&T asserted it was entitled to summary judgment on the breach of contract claim because TCI Luna had no evidence of a valid contract. To defeat summary judgment on this claim, TCI Luna was required to come forward with some evidence to show a contract existed. To raise a fact issue, TCI Luna relied entirely on evidence presented at the temporary injunction hearing. In the prior appeal of this case, we specifically held this very evidence did not show an enforceable contract, but only an "agreement to agree." *Branch Banking & Trust Co.*, 2013 WL 1456651, at *3.

Although a court of appeals's decision in an appeal from a temporary injunction will not generally be given preclusive effect, it might nevertheless constitute "law of the case." *See Brooks v. Jones*, 578 S.W.2d 669, 673 (Tex. 1979); *Furr's Inc. v. United Specialty Adver. Co.*, 385 S.W.2d 456, 458 (Tex. Civ. App.—El Paso 1964, writ ref'd n.r.e.). Under the "law of the case" doctrine, questions of law decided on appeal to a court of last resort will govern the case throughout its subsequent stages. *Hudson*, 711 S.W.2d at 630; *In re Assurances Generales*

*Banque Nationale*, 334 S.W.3d 323, 325 (Tex. App.—Dallas 2010, no pet.). Thus, we will not again pass upon matters that were disposed of in a prior appeal. *Grant Thornton LLP v. Suntrust Bank*, 133 S.W.3d 342, 362 (Tex. App.—Dallas 2004, pet. denied). The doctrine applies only if the issues of law and fact are substantially the same in the second proceeding as the first. *See Hudson*, 711 S.W.2d at 630; *Siemens AG v. Houston Cas. Co.*, 127 S.W.3d 436, 442 (Tex. App.—Dallas 2004, pet. dism'd).

Here, to show a contract existed, TCI Luna relied entirely on evidence it presented at the temporary injunction hearing. This Court previously determined this evidence did not show an enforceable contract. TCI Luna does not address our prior holding. We conclude our prior holding is law of the case. But regardless, for the same reasons we explained in that opinion, this evidence shows nothing more than an "agreement to agree." *Branch Banking & Trust Co.*, 2013 WL 1456651, at *3. TCI Luna has not shown the trial court erred in granting summary judgment on its breach of contract claim.

TCI Luna next contends the trial court erred in granting BB&T's motion for summary judgment on its fraud claims. TCI Luna's fraud claims were based on the same alleged promises and representations BB&T relied on to support its contract claim. Specifically, it alleged BB&T represented it would "take some of the properties securing the Note in full satisfaction of the debt and allow Plaintiffs to keep the other properties securing the Note free and clear." It claimed BB&T knew the representation was false when made, it made the representation to induce TCI Luna to voluntarily dismiss its bankruptcy petition, and TCI Luna then did so in reliance on BB&T's representation.

BB&T moved for summary judgment on the fraud claims asserting, among other things, that TCI Luna had no evidence that (1) it made any material misrepresentation, and (2) it suffered any injury from any alleged misrepresentation. To defeat summary judgment, TCI Luna

–5–

was required to identify for the trial court summary judgment evidence that raised a fact issue on these challenged elements. *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008); *Burt v. Harwell*, 369 S.W.3d 623, 625 (Tex. App.—Dallas 2012, no pet.). In its response to BB&T's motion for summary judgment, TCI Luna did not identify for the trial court any summary judgment evidence to raise a genuine issue of fact that a false representation was made, or even identify the allegedly false representation. Instead, it generally claimed the statements made in its "Factual Background" were supported with summary judgment evidence. Yet, TCI Luna's factual background failed to identify any false representations and instead alleged only that BB&T had breached certain promises. TCI Luna's response also failed to direct the trial court to any summary judgment evidence showing it was injured as a result of any misrepresentations. The failure to identify summary judgment evidence to raise a fact issue on the challenged elements supports the trial court's grant of the no-evidence motion. *Burt*, 369 S.W.3d at 625; *Bruce v. Elliott*, No. 05-10-00522-CV, 2012 WL 260025, * 1 (Tex. App.—Dallas 2012, no pet.). Similarly, on appeal, TCI Luna has failed to properly attack the no-evidence summary judgment on its fraud claim by showing it raised a fact issue showing it suffered an injury. Instead, it asserts only generally and as to all of its claims, that it presented evidence of damages. But even then, the only damages it has claimed are benefit of the bargain damages. We conclude TCI Luna has failed to show the trial court erred in granting summary judgment on its fraud claims.

TCI Luna next asserts the trial court erred in granting summary judgment on BB&T's declaratory judgment claim. TCI Luna sought a "declaration" that it was entitled to "full credit" for the "fair market value" of the properties BB&T foreclosed on and that, if given such credit, BB&T received an "overpayment" that should be returned.[3]  In its motion for summary

---

[3] We express no opinion as to whether this is a proper use of a declaratory judgment action.

judgment, BB&T asserted TCI Luna had no evidence that it was entitled to a credit for the fair market value of the properties.

In its response, TCI Luna again asserted it was entitled to such credit based on the same agreements about which it did not present summary judgment evidence to raise an issue of fact. TCI Luna also asserted it was entitled to a determination of fair market value to credit against the Note pursuant to section 51.003 of the Texas Property Code. Section 51.003 circumscribes a mortgagees' rights to seek a deficiency judgment. *See* TEX. PROP. CODE ANN. § 51.003 (West 2014); *PlainsCapital Bank v. Martin*, 459 S.W.3d 550, 554-55 (Tex. 2015). It applies to suits against a borrower for a deficiency judgment when realty is foreclosed and the foreclosure sales price is less than the debt secured. Id. § 51.003(a); *PlainsCapital Bank,* 459 S.W.3d at 554-55. In such cases, the borrower may request that the trial court make a finding as to the fair market value of the property in order to offset a deficiency judgment. *See id*. § 51.003(b), (c).

Here, BB&T did not bring a suit for a deficiency judgment and no such judgment was rendered. According to TCI Luna, we should nevertheless apply the statute because BB&T should not be able to avoid the "offset" permitted under section 51.003 because TCI Luna secured the debt with multiple properties. But under its plain terms, section 51.003 is inapplicable to this suit. *See Branch Banking*, 2013 WL 14566651, at *5. TCI Luna has failed to show the trial court erred in granting summary judgment on its claim for declaratory relief.

TCI Luna next contends the trial court erred in granting summary judgment on its claim for "money had and received." After this Court dissolved the temporary injunction, BB&T proceeded with giving notice of foreclosures on properties securing the debt. To prevent further foreclosures, TCI Luna asked for a pay-off quote and then, pursuant to that quote, paid BB&T $1,794,751.45 to retire the note. It then amended its petition to assert a claim for "money had and received" to obtain return of that payment.

A claim for money had and received "belongs conceptually to the doctrine of unjust enrichment." *Edwards v. Mid–Continent Office Distribs L.P.*, 252 S.W.3d 833, 837 (Tex. App.—Dallas 2008, pet. denied) (quoting *Amoco Prod. Co. v. Smith*, 946 S.W.2d 162, 164 (Tex. App.—El Paso 1997, no writ)). To prevail, on a claim for "money had and received," a plaintiff must show that a defendant "holds money" which in equity and good conscience belongs to the plaintiff. *Edwards*, 252 S.W.3d at 837.

BB&T moved for summary judgment on this claim asserting TCI Luna had no evidence to show it held money that in equity and good conscious belonged to TCI. BB&T also moved for traditional summary judgment on the ground that it conclusively established TCI Luna cannot recover for this claim because TCI Luna voluntarily paid the money to BB&T with full knowledge of all the facts and without fraud or duress. *See Miga v. Jensen*, 299 S.W.3d 98, 103-04 (Tex. 2009) ("[M]oney voluntarily paid on a claim of right, with full knowledge of all the facts, in the absence of fraud, duress, or compulsion, cannot be recovered back merely because the party at the time of payment was ignorant of or mistook the law as to his liability."); *see also Berryman's S. Fork, Inc. v. J. Baxter Brinkmann Int'l. Corp.*, 418 S.W.3d 172, 189 (Tex. App.—Dallas 2013, pet. denied).

On appeal, TCI Luna asserts it raised a fact issue on each element of its claim for money had and received. TCI Luna has not challenged BB&T's traditional ground for summary judgment asserting that TCI Luna cannot recover because it made the payment voluntarily. Therefore, we must affirm on the unchallenged ground. See *Lowe v. Townview Watersong, L.L.C.*, 155 S.W.3d 445, 447 (Tex. App.—Dallas 2004, no pet.). We conclude TCI Luna has failed to show the trial court erred in granting summary judgment on its claim for money had and received. TCI Luna has not otherwise challenged the trial court's summary judgment. Therefore, we resolve the first issue against TCI Luna.

In its second issue, TCI Luna contends the trial court abused its discretion in striking its Fifth Amended Petition, in which it asserted for the first time a claim for promissory estoppel. TCI Luna filed the Fifth Amended Petition shortly after it had obtained leave to file and had filed its Fourth Amended Petition. The trial court granted TCI Luna leave to file that petition, with BB&T's agreement, to allow TCI Luna to add claims associated with its payoff of the note. As explained previously, TCI Luna paid off the note to prevent BB&T from foreclosing on any more properties after this Court dissolved the temporary injunction that had prohibited it from doing so. It was in the Fourth Amended petition that BB&T added its claim for "money had and received." But TCI Luna filed its Fifth Amended Petition without seeking or obtaining leave of court.

After the trial court granted summary judgment in favor of BB&T on TCI Luna's claims for breach of contract, fraud, and declaratory judgment, BB&T moved for summary judgment on the claims TCI Luna added in its Fourth Amended Petition. It also moved to strike TCI Luna's Fifth Amended Petition. In its response to that motion, for the first time TCI Luna requested leave to file its Fifth Amended Petition. The trial court granted BB&T's motion to strike, thereby denying TCI Luna's motion for leave.

In this second issue, TCI Luna asserts the trial court abused its discretion in striking the amended petition, or alternatively by not granting it leave to file the petition. We review the trial court's decision whether to grant leave to file an amendment for abuse of discretion. *Greenhalgh v. Serv. Lloyds Ins. Co.*, 787 S.W.2d 938, 939 (Tex. 1990). A trial court abuses its discretion if it acts arbitrarily or unreasonably, without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985); *Halmos v. Bombardier Aerospace Corp.*, 314 S.W.3d 606, 622 (Tex. App.—Dallas 2010, no pet.)

Under rule 63, amended pleadings cannot be filed without leave of court after the time ordered by the trial court. TEX. R. CIV. P. 63; *Forest Lane Porsche Audi Assocs. v. G & K Servs., Inc.*, 717 S.W.2d 470, 473 (Tex. App.—Fort Worth 1986, no writ). A trial court does not abuse its discretion in striking late pleadings filed without leave of court. *Forest Lane Porsche Audi Assocs.*, 717 S.W.2d at 473. Thus, the question is whether the trial court abused its discretion in not granting TCI Luna leave to amend.

A trial court has no discretion to refuse an amended pleading unless (1) the opposing party presents evidence of surprise or prejudice; or (2) the amendment asserts a new cause of action or defense, and thus is prejudicial on its face, and the opposing party objects to the amendment. *Greenhalgh*, 787 S.W.2d at 939; *Halmos*, 314 S.W.3d at 622-23. An amendment that is prejudicial on its face has three defining characteristics: (1) it asserts a new substantive matter that reshapes the nature of trial itself; (2) the opposing party could not have anticipated the new matter in light of the development of the case up to the time the amendment was requested; and (3) the amendment would detrimentally affect the opposing party's presentation of its case. *Halmos*, 314 S.W.3d at 622-23. On appeal, the party complaining of the court's ruling bears the burden of demonstrating the court erred. *Hardin v. Hardin*, 597 S.W.2d 347, 349 (Tex. 1980); *Halmos*, 314 S.W.3d at 622-23.

According to TCI Luna, the trial court abused its discretion in failing to grant it leave to file the Fifth Amended Petition because its claim for promissory estoppel was similar in nature to other claims it had brought, and would not "reshape the nature of trial." TCI Luna claims both

that BB&T could have anticipated their promissory estoppel claim, and that the claim would not detrimentally affect BB&T's presentment of its case.[4] It bases these arguments on the fact that its promissory estoppel claim relied on "the same alleged promises and agreement" its other claims relied on, but by the time TCI Luna finally sought leave to file its Fifth Amended Petition, the trial court had already disposed of these substantive matters. As a consequence, allowing TCI Luna to amend its petition would effectively inject new substantive matters into the litigation by reinjecting old ones. It would have detrimentally affected BB&T's presentation of its case by requiring it to again address matters it had already successfully defended against. Moreover, TCI Luna's petition did not seek to recover reliance damages, the only damages permitted for a claim of promissory estoppel, but sought only to enforce a promise it could not prove. In *Transcontinental Realty, Inv. v. John T. Lupton Trust*, 286 S.W.3d 635, 648 (Tex. App.—Dallas 2009, no pet.), an appeal involving this same debtor represented by the same counsel, we explained these expectation damages are not recoverable for promissory estoppel. *See also Wheeler v. White*, 398 S.W.2d 93 (Tex. 1965). Under these circumstances, allowing TCI Luna to amend would do nothing but cause delay and add to the expense of the litigation. We cannot conclude the trial court abused its discretion in refusing to allow TCI Luna to do so. We resolve the second issue against TCI Luna.

---

[4] On appeal, TCI Luna does not assert it should have been granted leave to amend to add affirmative claims for equitable estoppel or quasi estoppel. It does, however, assert for the first time in its reply brief that it should have been granted leave to amend in order to allege the estoppel theories as "counter-defenses." TCI Luna may not assert a new argument for reversal for the first time in its reply brief. *Clark v. Dillard's, Inc.*, 460 S.W.3d 714, 729 (Tex. App.—Dallas 2015, no pet.). Moreover, to the extent TCI Luna seeks to rely on the estoppel theories as counter-defenses, it was required to raise those defenses in its response to BB&T's motion for summary judgment. *See Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984).

We affirm the trial court's judgment.

/Ada Brown/<br>ADA BROWN<br>JUSTICE

131221F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

TCI LUNA VENTURES, LLC AND
TRANSCONTINENTAL REALTY
INVESTORS, INC., Appellants

No. 05-13-01221-CV     V.

BRANCH BANKING AND TRUST
COMPANY, Appellee

On Appeal from the 192nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-12-03653.
Opinion delivered by Justice Brown. Justices
Lang-Miers and Schenck participating.

     In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

     It is **ORDERED** that appellee BRANCH BANKING AND TRUST COMPANY recover
its costs of this appeal from appellants TCI LUNA VENTURES, LLC AND
TRANSCONTINENTAL REALTY INVESTORS, INC.

Judgment entered this 27th day of August, 2015.