**Affirmed and Majority and Dissenting Opinions filed October 10, 2019.**



In The

# Fourteenth Court of Appeals

## NO. 14-18-00060-CV

### CHRISTOPHER DURHAM, Appellant

### V.

### BARBARA ACCARDI AND JULES ACCARDI, Appellees

**On Appeal from the 261st District Court**
**Travis County, Texas**
**Trial Court Cause No. D-1-GN-17-006778**

## MAJORITY OPINION

Appellant Christopher Durham appeals the summary judgment granted in favor of appellees, Barbara Accardi and Jules Accardi, on his claims against them. Finding no error, we affirm the trial court's summary judgment.

### BACKGROUND

Durham worked for Austin Budget Signs, Inc. ("ABS") as an at-will employee. ABS did not subscribe to workers' compensation insurance at the time

of the events underlying this appeal.  Durham was not employed by either Barbara Accardi or Jules Accardi in their individual capacities at any time.

ABS sent Durham to perform maintenance work on an elevated lighted sign used by STN La Fuenta Restaurant, LLC (La Fuenta).  Durham was required to work from an elevated bucket on a lift truck to perform the job.  Durham was removing the top 15-foot long angle iron frame from the sign when the plastic sign face started to bend and twist away from the sign frame.  Worried that the sign face would fall to the ground and break, Durham attempted to reinstall the top angle iron frame onto the sign.  While Durham was struggling to do that, the angle iron frame came into contact with a nearby power line.  Durham felt a sharp pain and he caught on fire.  Unable to control his body movements, Durham spun out of the elevated bucket and fell about 25 feet to the ground.  Durham suffered serious burns and other injuries as a result of the incident.

Durham filed suit against ABS, Barbara Accardi, and Jules Accardi for negligence, negligence per se, and gross negligence.[1]  Durham alleged that all three defendants were liable for breaches of duties directly owed to him.  Durham also alleged that the Accardis were liable for his injuries caused by ABS's negligence because they were the alter ego of ABS and also because ABS was "a sham entity used to perpetrate a fraud."

The Accardis moved for traditional and no-evidence summary judgment on Durham's claims against them.  Among other grounds, the Accardis asserted that Durham had no evidence that either Accardi owed him a duty in their individual capacities, that they breached a duty in their individual capacities, or that any breach of a duty proximately caused Durham damages.  The trial court granted the

---

[1] Durham also sued La Fuenta and the City of Austin.  Those claims are not at issue in this appeal.

Accardis' motion without specifying the grounds. The trial court subsequently granted Durham's unopposed motion to sever, making the trial court's summary judgment order final and appealable. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001). This appeal followed.[2]

ANALYSIS

Durham raises three issues on appeal challenging the trial court's summary judgment. In his first issue, appellant argues that the trial court erred when it granted the Accardis summary judgment on his veil piercing claims. In his second and third issues, appellant asserts that Jules Accardi and Barbara Accardi each owed him individual duties of care. We collectively address appellant's second and third issues first.

## I.     Standard of review

We review the trial court's grant of summary judgment de novo. *See, e.g.*, *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). We consider all of the summary judgment evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if a reasonable factfinder could and disregarding contrary evidence unless a reasonable factfinder could not. *See Mack Trucks, Inc. v. Tamez,* 206 S.W.3d 572, 582 (Tex. 2006). When a party moves for summary judgment on both traditional and no-evidence grounds, we ordinarily address the no-evidence grounds first. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). If the trial court grants summary

---

[2] The Texas Supreme Court ordered the Third Court of Appeals to transfer this case to our court. Under the Texas Rules of Appellate Procedure, "the court of appeals to which the case is transferred must decide the case in accordance with the precedent of the transferor court under principles of stare decisis if the transferee court's decision otherwise would have been inconsistent with the precedent of the transferor court." Tex. R. App. P. 41.3.

3

judgment without specifying the grounds, we affirm the judgment if any of the grounds presented are meritorious. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001) (per curiam). And, if an appellant does not challenge every possible ground for summary judgment, we will uphold the summary judgment on the unchallenged ground. *Agarwal v. Villavaso*, No. 03-16-00800-CV, 2017 WL 3044545, at *3 (Tex. App.—Austin July 13, 2017, no pet.) (mem. op.).

In a no-evidence motion for summary judgment, the movant represents that there is no evidence of one or more essential elements of the claims for which the nonmovant bears the burden of proof at trial. Tex. R. Civ. P. 166a(i). The burden then shifts to the nonmovant to present evidence raising a genuine issue of material fact as to the elements specified in the motion. *Tamez*, 206 S.W.3d at 582. Evidence raises a genuine issue of material fact if reasonable and fair-minded jurors could differ in their conclusions in light of all the summary judgment evidence. *See Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007) (per curiam).

## II. The Accardis' motion for summary judgment on Durham's claims against them in their individual capacities must be affirmed because Durham did not address all summary judgment grounds asserted by the Accardis in their motion.

Durham asserted claims for negligence, negligence per se, and gross negligence against both Barbara Accardi and Jules Accardi in their individual capacities. The elements of negligence are a legal duty, breach of that duty, and damages proximately caused by the breach. *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004). Negligence per se is not an independent cause of action. *Weirich v. IESI Corp.*, No. 03-14-00819-CV, 2016 WL 4628066, at *2 (Tex. App.—Austin Aug. 31, 2016, no pet.) (mem. op.). It is instead, a method of proving a breach of duty, a requisite element of any

4

negligence cause of action. *Id.* Finally, a plaintiff must prove all elements of negligence as a prerequisite to a gross negligence claim. *Godines v. Precision Drilling Co., L.P.*, No. 11-16-00110-CV, 2018 WL 2460302, at *6 (Tex. App.—Eastland May 31, 2018, no pet.) (mem. op.) (citing *Gonzalez v. VATR Constr., LLC*, 418 S.W.3d 777, 789 (Tex. App.—Dallas 2013, no pet.)).

The Accardis argued in their no-evidence motion for summary judgment that Durham had no evidence that they individually owed him a duty, breached that duty, or that the breach proximately caused him damages. All of Durham's claims against the Accardis in their individual capacities include each of these elements. On appeal, Durham argues only "that there is a scintilla of evidence that [the Accardis] owed a duty of reasonable care to Durham." Durham did not address on appeal the separate grounds raised by the Accardis that he had no evidence that they had breached a duty, or that any breach had proximately caused him damages. Because he did not, we must affirm the summary judgment on his negligence, negligence per se, and gross negligence claims against them.[3] *See Greb v. Madole*, No. 05-18-00467-CV, 2019 WL 2865269, at *9 (Tex. App.—Dallas July 3, 2019) (mem. op.) ("Here, we conclude that summary judgment on Greb's negligence claim against Attorneys was proper. Therefore, Greb's gross negligence claim also fails."); *Haubold v. Medical Carbon Research Institute, LLC*, No. 03-11-00115-

---

[3] While the dissent suggests that the Accardis' motion for summary judgment did not specifically address Durham's negligence per se claim, we concluded otherwise because negligence per se is not a separate cause of action, but is instead a method of proving a breach of a duty. It is undisputed that the Accardis' motion for summary judgment challenged the breach of duty element of Durham's causes of action. *See Coteril-Jenkins, v. Texas Med. Ass'n Health Care Liability Claim Tr.*, 383 S.W.3d 581, 592 (Tex. App.—Houston [14th Dist.] 2012, pet. denied) (stating that, in case addressing scope of motion for summary judgment to cover claims added in amended petition, a summary judgment need not be reversed if "a ground asserted in a motion for summary judgment conclusively negates a common element of the newly and previously pleaded claims," or "the original motion is broad enough to encompass the newly asserted claims.").

CV, 2014 WL 1018008, at *4 (Tex. App.—Austin March 14, 2014, no pet.) (mem. op.) ("Because Haubold has not challenged all independent bases or grounds that could, if meritorious, support the partial summary judgment dismissing his claims, we must affirm the trial court's partial summary judgment."). We overrule Durham's second and third issues.

### III. The trial court did not err when it granted the Accardis' motion for summary judgment on Durham's piercing the corporate veil claims.

Durham argues in his first issue that the trial court erred when it granted the Accardis' motion for summary judgment on his disregarding the corporate form claims. A corporation is presumed to be a separate entity from its officers and shareholders. *Washington DC Party Shuttle, LLC v. IGuide Tours, LLC*, 406 S.W.3d 723, 738 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) (en banc) (citing *Grain Dealers Mut. Ins. Co. v. McKee*, 943 S.W.2d 455, 458 (Tex. 1997)). As a result, the corporate form normally insulates shareholders, officers, and directors from liability for corporate obligations. *Willis v. Donnelly*, 199 S.W.3d 262, 271 (Tex. 2006). Courts may disregard the corporate form if (1) the corporation is the alter ego of its owners or shareholders, (2) the corporation is used for an illegal purpose, or (3) the corporation is used as a sham to perpetrate a fraud. *Lastor v. Jackson*, No. 09-18-00146-CV, 2019 WL 613618, at *3 (Tex. App.—Beaumont Feb. 14, 2019, no pet.) (mem. op.). Only the first and third methods are relevant here because they were the only theories Durham specifically alleged in his trial court pleadings. *See Town Hall Estates-Whitney, Inc. v. Winters*, 220 S.W.3d 71, 86 (Tex. App.—Waco 2007, no pet.) (citing *Mapco, Inc. v. Carter*, 817 S.W.2d 686, 688 (Tex. 1991)).

### A. The trial court did not err when it granted the Accardis' no-evidence motion for summary judgment on Durham's alter ego cause of action.

Alter ego liability permits a plaintiff to pierce an entity's "corporate veil" and hold the entity's shareholders, directors, and officers individually liable for the entity's obligations. *Castleberry v. Branscum*, 721 S.W.2d 270, 271–72 (Tex. 1986); *see Dodd v. Savino*, 426 S.W.3d 275, 291-92 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (examining alter ego liability in appeal from no-answer default judgment). Courts will disregard the corporate fiction "when the corporate form has been used as part of a basically unfair device to achieve an inequitable result." *Castleberry*, 721 S.W.2d at 271. "Courts have generally been less reluctant to disregard the corporate entity in tort cases than in breach of contract cases." *Lucas v. Tex. Indus., Inc.*, 696 S.W.2d 372, 375 (Tex. 1984). Nonetheless, the corporate fiction generally will not be disregarded absent exceptional circumstances. *Id.* at 374.

Alter ego veil piercing is appropriate (1) where a corporation is organized and operated as a mere tool or business conduit of another, (2) there is such "unity between corporation and individual that the separateness of the corporation has ceased," and (3) holding only the corporation or individual liable would result in injustice. *See Castleberry*, 721 S.W.2d at 271–72; *see also SSP Partners v. Gladstrong Invs. (USA) Corp.*, 275 S.W.3d 444, 454-55 (Tex. 2008); *Goldstein v. Mortenson*, 113 S.W.3d 769, 781 (Tex. App.—Austin 2003, no pet.). Alter ego is shown from the total dealings of the corporation and the individual, including the degree to which corporate formalities have been followed and corporate and individual property have been kept separately; the amount of financial interest, ownership, and control the individual maintains over the corporation; and whether the corporation has been used for personal purposes. *Castleberry*, 721 S.W.2d at 272; *Goldstein*, 113 S.W.3d at 781.

Evidence that will support an alter ego finding includes (1) the payment of

alleged corporate debts with personal checks or other commingling of funds, (2) representations that the individual will financially back the corporation, (3) the diversion of company profits to the individual for the individual's personal use, (4) inadequate capitalization, and (5) any other failure to keep corporate and personal assets separate. *Burchinal v. PJ Trailers-Seminole Mgmt. Co., LLC*, 372 S.W.3d 200, 218 (Tex. App.—Texarkana 2012, no pet.) (citing *Mancorp, Inc. v. Culpepper*, 802 S.W.2d 226, 229 (Tex. 1990)). An individual's role as an officer, director, or majority shareholder of an entity alone is not sufficient to support a finding of alter ego. *Cappuccitti v. Gulf Indus. Prods., Inc.*, 222 S.W.3d 468, 482 (Tex. App.—Houston [1st Dist.] 2007, no pet.). In addition, while a corporation's capitalization can be a consideration in deciding whether to pierce the corporate veil in a tort case, the corporation's financial strength or weakness is generally only one factor to be considered. *See Castleberry*, 721 S.W.2d at 272 (alter ego is shown from the total dealings of the corporation and the individual); *Feigin v. Robinson*, No. 05-97-01500-CV, 1998 WL 375458, at *6 (Tex. App.—Dallas July 8, 1998, no pet.) (not designated for publication) ("[G]enerally, the financial strength or weakness of the corporation is only one factor to be considered."); *Tigrett v. Pointer*, 580 S.W.2d 375, 382 (Tex. App.—Dallas 1978, writ ref'd n.r.e.) ("Grossly inadequate capitalization, however, as measured by the nature and magnitude of the corporate undertaking, is an important factor in determining whether personal liability should be imposed."). Additionally, a corporation's financial strength or weakness must be viewed with consideration of the underlying policy that piercing the corporate veil is necessary to prevent a plaintiff from falling victim to a basically unfair device. *Feigin*, 1998 WL 375458, at *6 (citing *Lucas*, 696 S.W.2d at 374–75).

The Accardis argued in their no-evidence motion for summary judgment that

Durham had no evidence raising a genuine issue of material fact that the separateness between ABS and themselves had ceased. Then, more specifically, they pointed out that Durham had no evidence that (1) the Accardis' property and ABS's property were not kept separate, (2) Jules Accardi, a part-time employee, had any financial interest, ownership, or control over the corporation, (3) ABS was used for the Accardis' individual purposes, (4) the Accardis paid corporate debts with their personal funds, (5) the Accardis had made any representations that they would personally back the corporation financially, or (6) ABS profits were diverted to the Accardis for their personal use. Durham responds that the trial court erred when it granted the Accardis' motion for summary judgment because the summary judgment evidence established that ABS exhibited an almost "complete lack of corporate formality" and it was undercapitalized.

We turn first to Durham's allegation that ABS did not adhere to corporate formalities. In support for this proposition, Durham pointed out Barbara Accardi's deposition testimony that ABS did not "do formal stuff" and generally established her unfamiliarity with basic concepts of corporate structure and law. Even if we accept Durham's argument that this evidence establishes ABS did not rigidly follow corporate formalities, the lack of corporate formalities is no longer a consideration when determining an alter ego question. *See* Tex. Bus. Orgs. Code § 21.223(a)(3) ("a holder of shares . . . may not be held liable to the corporation or its obligees with respect to . . . any obligation of the corporation on the basis of the failure of the corporation to observe any corporate formality . . . ."); *Sparks v. Booth*, 232 S.W.3d 853, 868–69 (Tex. App.—Dallas 2007, no pet.) (stating that failure to observe corporate formalities is no longer a factor in considering whether alter ego exists).

Durham also argues that he produced summary judgment evidence creating

9

a genuine issue of material fact that ABS was undercapitalized. Here, Durham points out Barbara Accardi's deposition testimony that ABS did not carry worker's compensation or other insurance that would cover employee injuries and also her testimony that since her father's heart attack, ABS had more liabilities than assets, and "was in the hole." Even if we assume that this evidence establishes ABS was undercapitalized rather than simply a small family business under financial stress after the founder suffered a heart attack, this evidence standing alone is insufficient to establish alter ego. *See Endsley Elec., Inc. v. Altech, Inc.*, 378 S.W.3d 15, 26 (Tex. App.—Texarkana 2012, no pet.) (observing that undercapitalization, standing alone, is insufficient to establish alter ego).

Durham did not point out any other summary judgment evidence supporting his alter ego claim. *See U.S. KingKing, LLC v. Precision Energy Servs., Inc.*, 555 S.W.3d 200, 214 (Tex. App.—Houston [1st Dist.] 2018, no pet.) (listing non-exclusive factors to be considered in alter ego analysis). For example, Durham offered no evidence that (1) the Accardis' property and ABS's property were not kept separate, (2) Jules Accardi had any financial interest in, ownership, or control over the corporation, (3) ABS was used for the Accardis' individual purposes, (4) the Accardis paid corporate debts with their personal funds, (5) the Accardis had made any representations that they would personally back the corporation financially, or (6) ABS profits were diverted to the Accardis for their personal use. Because Durham did not present summary judgment evidence raising a genuine issue of material fact that the separateness between ABS and the Accardis had ceased, we conclude that the trial court did not err when it granted the Accardis' no-evidence summary judgment motion on Durham's alter ego claim.

**B.** **The Accardis' motion for summary judgment on Durham's sham to perpetrate a fraud claim must be affirmed because Durham did not address this claim in his summary judgment response or in his**

10

**appellate brief.**

In addition to his alter ego claims against the Accardis, Durham also alleged that they were individually liable because ABS was "a sham entity used to perpetrate a fraud." The Accardis addressed this claim in their no-evidence motion for summary judgment. Durham did not address this part of the Accardis' no-evidence motion in his summary judgment response. He has also not addressed it in his appellate brief. We must therefore, affirm the no-evidence summary judgment on Durham's sham to perpetrate a fraud claim. *See* Tex. R. Civ. P. 166a(i) (requiring trial court to grant no-evidence summary judgment motion unless the non-movant produces evidence raising genuine issue of material fact on each essential element challenged by the movant); *Harris v. Ebby Halliday Real Estate, Inc.*, 345 S.W.3d 756, 760 (Tex. App.—El Paso 2011, no pet.) (affirming no-evidence summary judgment because the non-movant did not address challenged essential element of negligence claim in the trial court or in the appellate court); *Krueger v. Atascosa Cty.*, 155 S.W.3d 614, 621 (Tex. App.—San Antonio 2004, no pet.) ("Unless an appellant has specifically challenged every possible ground for summary judgment, the appellate court need not review the merits of the challenged ground and may affirm on an unchallenged ground.") *Lowe v. Townview Watersong, L.L.C.*, 155 S.W.3d 445, 447 (Tex. App.—Dallas 2004, no pet.) ("Because summary judgment may have been granted on the unchallenged no-evidence grounds, we must affirm the trial court's summary judgment.").

Having addressed all arguments Durham raised in his first issue, we overrule that issue.

**CONCLUSION**

Having overruled Durham's issues on appeal, we affirm the trial court's judgment.

/s/    Jerry Zimmerer
Justice

Panel consists of Justices Wise, Zimmerer, and Spain (Spain, J., dissenting).